McGrail *v.* McGrail.

Jane McGrail

*v.*

Francis McGrail.

An order for alimony *pendente lite*, which has come to an end by reason of a decree in favor of the husband, is not revived by a decree of the court of errors and appeals simply reversing the former decree, and remanding the cause for further proceedings, since, under the act (*Rev. p. 215*), the lower court can give effect only to the decree as actually rendered, and without addition or modification.

*Mr. Patrick H. Gilhooly,* for the complainant.

*Mr. Foster M. Voorhees,* for the defendant.

Green, V. C.

This is a motion for an order to show cause why defendant should not be committed for contempt for his refusal to pay alimony to the complainant.

The bill in this cause was filed, for support and maintenance on the ground of unjustifiable abandonment, under the twentieth section of the Divorce act.

The defendant answered by way of cross-bill, charging his wife with adultery. On the issues being joined, testimony was taken before a master and examiner and the case regularly placed upon the calendar for hearing.

During the pendency of the case in this court, an order was made requiring the defendant to pay a certain sum per week as alimony *pendente lite.*

On the hearing, a decree was entered in favor of the defendant, granting him a divorce on the ground of adultery as charged in his cross-bill. From this decree an appeal was taken to the court of errors and appeals, and by that court an order was made November 23d, 1891, "that the respondent do pay forthwith to the appellant and to her counsel alimony *pendente lite* at the rate of three dollars and a half per week, to be computed from the seventh day of August last past and to continue until the further order of this court." The decree was entered August 6th, 1891, and the appeal was filed August 7th.

The cause being heard in the court of errors and appeals, that court, in March Term, 1892, entered a decree of reversal as follows:

"that the decree of the chancellor be wholly reversed, set aside and for nothing holden; that the costs of the said appellant, both in this court and in the court of chancery, be paid by the complainant in the cross-bill and defendant in the original bill in the court below, and that the record and proceedings be remitted to the court of chancery, to be therein proceeded on according to law and the practice of said court."

The *remittitur*, I understand, has been filed in this court.

The complainant presents her affidavit that the defendant has not paid her any alimony in this cause since the 1st day of January of the present year.

On this statement, is the defendant presumably in contempt, so as to justify the court in issuing an order to show cause why he should not be punished therefor?

The cause as presented was two-fold in its character—the claim for maintenance and support on the part of the wife and the claim for divorce by the husband on the ground of the alleged adultery of the wife. Testimony on both issues was taken before the master and submitted on the hearing.

The decree of this court was that the husband was entitled to a divorce on the grounds alleged by him. By that decree the original order of this court allowing the wife alimony *pendente lite* came to an end.

On the cause being appealed to the court of errors and appeals,

a new order was made providing for the payment to the wife by defendant of alimony *pendente lite*. It would appear that, under this order, alimony has been paid from the time of the appeal to the 1st of January, 1893.

Counsel did not claim that he was entitled to enforce the order of the court of errors and appeals by contempt proceedings in this court, but insisted that, by the reversal of the decree of this court, the original order issued herein has been revived.

The fifteenth section of the act relative to the court of errors and appeals (*Rev. p. 215*) directs that—

"when a cause hath been decided by final decree or order of this court, it shall be the duty of the clerk to return to the clerk of the court of chancery all the papers which have been received by him from the clerk of the court of chancery in such cause, for which he shall take a receipt, together with a copy of the order or decree of the court, which order or decree it shall be the duty of the court of chancery to carry into effect."

As said by Vice-Chancellor Van Fleet in the case of *Dringer* v. *Erie Railway Co., 15 Stew. Eq. 573, 577*, referring to the court of errors and appeals: "That court not being a court of final process, a judgment pronounced by it in a cause taken up by appeal from this court, is sent here to be carried into effect. And this court, in performing that duty, is required to confine itself strictly within its allotted sphere."

The decree to be entered in this court on the *remittitur* must strictly conform to the decree of the court above, neither adding to nor in way modifying the same. In *Tuttle* v. *Gilmore, 15 Stew. Eq. 369*, the decree on the *remittitur* had been entered in the court of chancery, framed rather on the opinion rendered in the court of errors and appeals than on the decree actually entered therein, and on an appeal being taken therefrom, the chief-justice, in the court above, says: "The judgment of this court, as it stands on our record, has not been carried into effect according to its plain terms. * * * The court of chancery has, in point of fact, executed the judgment of this court as it was pronounced, but not as it was entered, and therein we think an error was committed. Like those of all other judicial tribunals, the record

of this court, kept under its own supervision, must be taken as the infallible exponent of its mind and as, in every respect, being correct. It is not alterable except under its own authority." And the decree below was reversed on that ground.

The appeal in this case was from the decree entered on the final hearing; the whole cause was in the court of errors and appeals for determination—not only the defendant's case on cross bill, but the wife's on the original bill. *Osbourn* v. *Osbourn, 17 Stew. Eq. 257.*

This court can do nothing more than give effect to and carry out the decree of the court of errors and appeals. If it had directed any further action to be taken in this court, such course would necessarily have been pursued, but the only provision of the decree is that the decree of the chancellor be in all things reversed, with the direction, on the case being remitted to this court, that it shall be proceeded with according to law and the practice of this court. The only action this court can take is to enter a decree reciting that above, and in obedience to the decree and mandate of the appellate court, make its decree the decree of this court, namely, reverse its former decree awarding a divorce to the defendant, and order process for costs.

I do not understand on what principle it can be held that the former order of this court for alimony *pendente lite* has been revived. It was a mere temporary expedient. The court, in the exercise of its jurisdiction, makes many provisional orders, as for the preservation of the subject-matter of the suit, *ad interim* stays of proceedings, appointment of receivers and others. They are not permanent in their operation, but from their very nature expire on the determination of the cause by final decree. So, also, is the provision for temporary alimony. It is, by its terms, limited in time to the pendency of the suit. It necessarily ceases to be operative on a final decree being entered. That result would have been reached in any determination of the cause. If the wife had been successful it would have been necessary to provide by decree for permanent alimony; if the husband, the order of course would not continue. Counsel himself realized this, and made application to this court for alimony pending the

appeal, and, failing therein, applied to the court of errors and appeals, and there obtained a new order for alimony *pendente lite.* The first provisional order is dead by the final decree. That decree is, it is true, reversed, but as reversed it is still final. If the appellate court by its decree had gone further and granted relief to the complainant, and either fixed an amount for permanent maintenance and support, or directed this court to proceed with that end in view, it would then, on the *remittitur* being made the decree of this court, have been the province of this court to carry it into effect by the processes or proceedings which are parts of its machinery, but the temporary order originally made in this cause has ceased to have any vitality, and is not revived.

I will advise that the motion be denied.