25 N.J. Super. 274 (1953)
96 A.2d 87
THERESA A. MONICA, PLAINTIFF-RESPONDENT.
v.
WOODROW S. MONICA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1953.
Decided April 2, 1953.
*277 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Benjamin M. Ratner argued the motion for the respondent.
Mr. Marius Grosso argued the motion for the appellant (Messrs. Grosso & Beck, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The plaintiff wife moves to dismiss her husband's appeal because it was not taken within time. The action was brought for separate maintenance. At the outset the learned advisory master ordered the defendant to pay to his wife, pendente lite, $65 a week for support and a counsel fee of $1,250. It is this order that the appeal challenges. The order is dated January 7, 1953. The time limited for an appeal from an interlocutory order is 10 days and from a final judgment 45 days. Here the appeal was taken January 26, that is, 19 days after the order was made.
The appellant first advances the theory that a pendente lite order for a counsel fee is a final judgment inasmuch as the fee once paid cannot be recaptured by the husband, no matter what is the outcome of the maintenance suit. An order which is merely incidental to the prosecution of the suit and which does not affect the merits of the case, is interlocutory and subject to appeal only within the time limited for appeals from interlocutory orders. Decker v. Ruckman, 28 N.J. Eq. 614 (E. & A. 1877). Such is the character of the order which the husband attempts to present for review. The object of the order is to secure to the wife the financial means whereby to live and to retain counsel until the court shall have opportunity to hear and determine the controversy. The order does not depend upon upholding the wife's cause of action; it does not affect the merits of the suit. It is a mere temporary expedient. McGrail *278 v. McGrail, 51 N.J. Eq. 537 (Ch. 1893). While we find no case in our reports holding that an appeal from an order for temporary alimony and counsel fee must be taken within the time prescribed for appeals from interlocutory orders, yet that has long been the general understanding of bench and bar. See Child on Divorce, pp. 55 and 148; Herr, Marriage and Divorce (1938 ed.), 467. We have no hesitancy in determining that we have here an appeal from an interlocutory order.
Appellant next urges that the time for appeal was tolled by a letter which his counsel wrote the master the day the order was signed: "I would like an opportunity to discuss the decision with you personally at an early date, and am wondering if you would kindly give me an opportunity to speak to you." The letter is not part of the record in the case; it is not a motion or a notice of motion. Quite obviously it did not work an extension of the time to appeal.
Lastly, the appellant asks for a relaxation of the rules and an extension of time pursuant to Rule 1:7-9, which is found in Part I of the code of procedure which our Supreme Court has promulgated:
"The rules of the court shall be considered as general rules for the government of the court and the conducting of causes; and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any cases where it shall be manifest to the court that a strict adherence to them will work surprise or injustice; provided, however, the court may not extend the time for taking any action under Rules 1:2-5; 1:5-5; 2:11 (d); 3:81-15; 4:2-5 and 8:7-11, except that extension for a period not exceeding 30 days from the expiration of the time permitted in the Rule may be granted at any time upon a clear showing of good cause and the absence of prejudice."
The last clause, beginning "except that extension for a period not exceeding 30 days," was added by amendment effective January 1, 1953. The reference to Rules 1:5-5, 2:11 (d), 3:81-15, 4:2-5 and 8:7-11 was inserted by an amendment effective January 1, 1952. The word "court" in Part I of the rules as originally adopted meant the Supreme *279 Court, just as the word "court" in Part IV means Appellate Division. Rule 4:1-11. But the word "court" in Rule 1:7-9 has had a more diverse meaning since the 1952 amendment. Inasmuch as Rule 4:2-5, referred to in the amendment, limits the time for appeal to the Appellate Division, and to no other court, Rule 1:7-9, as amended in 1952, must mean that the Appellate Division shall not extend the time for such an appeal. The exception to the prohibition which was added a year later, must be construed as an exception to the restriction on the authority of the Appellate Division, and to override Rule 4:1-10 pro tanto.
The last question is presented by the wife. She urges that the extension can be granted, if at all, only before the notice of appeal is served and filed; that a tardy appeal is a nullity and cannot be aided by a subsequent extension. We think not. The main object of Rule 1:7-9 is to secure that the body of rules shall be so applied as "to facilitate business and advance justice." To this end a rule may be relaxed or dispensed with, even though such relaxation works an extension of time, provided the extension is no more than 30 days. Note that the extension may be granted "at any time"  before or after the notice of appeal has been filed, before or after the expiration of the 30 days. Contrast the language of R.S. 2:29-119. We may act under the rule whenever our attention is called to the desirability of the relaxation in order to advance justice.
In the matter before us, the respondent was not prejudiced by the circumstance that the notice of appeal was served nine days late. The reason for the delay was counsel's hope that the advisory master would reconsider the counsel fee and that an appeal would be unnecessary. On the whole, we find that there is good cause to relax the rule. Motion to dismiss is denied. Rule 4:2-5 will be relaxed so that the appeal may stand as if taken within time. No costs to either party.