34 N.J. Super. 343 (1955)
112 A.2d 578
FOTOPAK CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MERLIN, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT, AND HACKENSACK WATER COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1955.
Decided March 9, 1955.
*344 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Theodore Rabinowitz argued the cause for appellant Merlin, Inc. (Mr. Maximilian Morrof, attorney).
Mr. Jacob Schneider argued the cause for respondents (Messrs. Schneider and Schneider, attorneys for respondent Fotopak Corporation; Mr. Samuel William Zerman, attorney for respondent Hackensack Water Company).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The single question to be resolved on this appeal is whether the trial court abused its discretion and violated R.R. 1:28-1 by continuing the hearing and concluding the cause at about 1 A.M. on the second day of the trial. The parties stipulated this to be the only issue when the Appellate Division entered an order on January 6, 1955 denying respondents' motion to dismiss the appeal. At that time appellant further stipulated that the record on appeal "is free of any claim of objection" by it to any court ruling.
Plaintiff sued in the district court to recover the cost of a water filter sold to defendant Merlin, Inc. The trial began on September 14, 1954 and continued through the entire court day. It was resumed on September 20, 1954, on which day the court sat from 10 A.M. until 1 A.M. the next morning except for occasional recesses and time out for meals. *345 The court had said that the case must be disposed of that day "even if we have to work for twenty-four hours around the clock," because the Administrative Director had requested that all cases more than six months old be disposed of by October 1. The action had been instituted March 24, 1954.
The court entered judgment for plaintiff against Merlin, Inc. for $665 and costs, and dismissed the action as to defendant Hackensack Water Company. The trial court's findings of fact recite that counsel for defendant Merlin, Inc. made no specific objection to the court's determination to sit until the case was concluded, irrespective of the hour, but "generally mentioned" the rule relating to hours of court, R.R. 1:28-1. The trial judge concluded that this rule was intended to fix only the normal hours for holding court; that it was within the court's discretion to sit at such other times and hours as it might consider necessary or desirable, and that there was no abuse of discretion inasmuch as two whole days had been given to the trial of the cause, and to utilize another two days would have affected the peremptory trial calendar. Plaintiff's motion to amend the findings of fact and conclusions of law was denied.
Appellant provides us with only two brief excerpts from the trial record, totalling 16 lines. The second excerpt relates to a request by Merlin's counsel for a continuance so as to permit him to offer the testimony of a Mr. Kapon, who apparently had been in court both days but had left sometime before 10 P.M. the second day. The court ruled that since Kapon was not under subpoena the case would be disposed of that day, but had he been subpoenaed the court would have continued the trial. We are not concerned with the Kapon aspect of the case, for appellant limits his appeal to the scope of R.R. 1:28-1 and argues no other point.
It is important to note that there is no dispute as to the correctness of the judgment on the merits. We have no record of anyone  court, counsel or stenographer  objecting to the length of the trial until after judgment had been rendered.
*346 R.R. 1:28-1 provides:
"The Supreme Court, the Superior Court, the county courts and the district courts shall sit from 10 A.M. to 1 P.M. and from 2 P.M. to 4 P.M., unless the Chief Justice shall order otherwise."
Appellant suggests that the rule is mandatory because of the use of the word "shall." It maintains that the failure and refusal of the trial court to abide by the rule or a reasonable extension thereof was an abuse of discretion and therefore error, requiring reversal and remand as a matter of law. It is argued that the continuation of the trial beyond 4 P.M. on September 20 deprived appellant of its right to a day in court; it imposed the strain of long and unreasonable hours upon counsel, with resultant impairment of and interference with the clear thinking to which a client is always entitled.
The provisions of R.R. 1:28-1 are not mandatory and inflexible. It was never intended that if a court sat beyond 4 P.M. the proceedings would thereby become invalidated regardless of the merits of the case and the absence of prejudice. That the rule was intended to fix only the normal hours for holding court is demonstrated by the memorandum of the Administrative Director dated October 4, 1954 and addressed to all judges, summarizing the matters discussed by the Chief Justice at a meeting of the judiciary on September 8, 1954. Paragraph 12 of that memorandum states:
"There has been a misunderstanding in some quarters as to the right of a judge to continue a case after 4:00 P.M. or to sit on Saturdays and holidays. In this regard it is to be pointed out that R.R. 1:28-1 is intended to fix only the normal hours for the holding of court and it is not necessary for a judge to secure an order from the Chief Justice authorizing him to sit at other times if in his discretion he considers it necessary or desirable." (Italics ours.)
The rules of procedure were devised and promulgated for the purpose of promoting reasonable uniformity in the expeditious and even administration of justice. R.R. 1:27A (formerly Rule 1:1-8) provides for the relaxation of rules, although R.R. 1:27B (formerly Rule 1:1-9) declares that *347 certain rules relating to the time for taking any action may not be enlarged. R.R. 1:27A states the over-riding design of the entire rule structure:
"The rules applicable to any court shall be considered as general rules for the government of the court and the conduct of causes; and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any instance where it shall be manifest to the court that a strict adherence to them will work surprise or injustice."
The general purpose of the rules has been stated to be "to broaden the procedural powers of our Courts to the end that just dispositions on the merits may be facilitated and determinations on the basis of procedural niceties may be avoided." Board of Commissioners of City of Newark v. Inlander, 7 N.J. Super. 192, 195 (App. Div. 1950). Cf. Tumarkin v. Friedman, 17 N.J. Super. 20, 26-27 (App. Div. 1951).
Two conditions must exist to warrant an appellate court in nullifying a ruling of the trial court made in the exercise of its discretion: (1) the judicial action must have been clearly unreasonable in the light of the accompanying and surrounding circumstances, and (2) the ruling must have resulted prejudicially to the rights of the party complaining. Smith v. Smith, 17 N.J. Super. 128, 132-133 (App. Div. 1951).
Despite the peremptory trial list, the request of the Administrative Director that all cases more than six months old be disposed of by October 1, and the intervening Jewish holy days  all mentioned by the court as reasons for finishing the case on September 20, 1954  the trial judge could well have arranged for another date to complete the case. R.R. 1:28-1, as noted above, does not forbid a judge to sit beyond 4 P.M. if in his discretion he considers it necessary or desirable. But sound reason should control. Court sessions running late into the night should not take place except under compelling circumstances.
The Greek comic dramatist Menander said that "By night comes counsel to the wise" (Fragments, No. 150). The *348 aphorism carried over into the Latin "In nocte consilium" and perhaps suggested Florio's "Night is the mother of thoughts" (First Fruites, Fo. 31). Edmund Burke may have believed that "Darkness is more productive of sublime ideas than light" (On the Sublime and Beautiful, Pt. ii, sec. 14). But such maxims are a guide and inspiration for the few. Justice must be sensitive to the laws of probability. The realities of experience compel the conclusion that late hours and weary minds generally do not make for clear thinking and sound judgment.
The determinative question is, did the late sitting of the trial court prejudicially affect appellant's rights? Here the inquiry (as it always must be) is: Has injustice been done? Has the party been injured? Ogden v. Gibbons, 5 N.J.L. 518, 531 [Reprint, pp. 598, 612] (Sup. Ct. 1819). Cf. Hartpence v. Grouleff, 28 N.J. Super. 125, 128 (App. Div. 1953).
A mere trespass upon the rule by the trial court does not of itself show that appellant was prejudiced. As in Handelman v. Handelman, 17 N.J. 1, 10 (1954), "appellant's entire argument is based upon an alleged departure from or an infraction of the rules in the trial court. The merits and the integrity of the cause are ignored completely." We must consider whether or not appellant was substantially prejudiced by the alleged violation.
We have no record that in any way reveals just what prejudice appellant may have suffered. In neither its brief nor in the oral argument of counsel does appellant establish the quality or extent of any prejudice that might possibly have been visited upon it. Additionally, we have the fact that counsel made no objection to the continuation of the trial to completion. We do not find prejudice proved. Cf. Handelman v. Handelman, above; State v. Vaszorich, 13 N.J. 99, 115-116 (1953); and cf. also Plank v. Summers, 203 Md. 552, 102 A.2d 262 (Ct. App. 1954).
Here we must also consider R.R. 1:5-3(b) which provides that no ruling or action taken or omitted by the trial *349 court, or any other matter, whether or not involving the exercise of discretion, shall be a ground for disturbing a judgment or determination "unless a denial of the relief sought appears to the court to be inconsistent with substantial justice."
Affirmed.