57 N.J. Super. 307 (1959)
154 A.2d 664
ANGELO SANTORO, INDIVIDUALLY, AND THE BOROUGH OF SOUTH PLAINFIELD SEWERAGE AUTHORITY, A BODY CORPORATE, PLAINTIFFS,
v.
THE MAYOR AND COUNCIL OF THE BOROUGH OF SOUTH PLAINFIELD, AND THE COUNTY CLERK OF THE COUNTY OF MIDDLESEX, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 2, 1959.
*309 Mr. Joseph C. Doren, attorney for plaintiffs.
Mr. Angelo H. Dalto (Mr. Baruch S. Seidman appearing), attorney for defendant Mayor and Council of the Borough of South Plainfield.
Mr. Samuel V. Convery, attorney for defendant County Clerk of the County of Middlesex.
VOGEL, J.S.C.
This is an action in lieu of prerogative writ, wherein the plaintiffs, Angelo Santoro, a citizen, and the Borough of South Plainfield Sewerage Authority, seek to enjoin the defendant, the Middlesex County Clerk, from placing on the ballot for the consideration of the electorate at the next general election to be held November 3, 1959, in the defendant borough, the following two questions:
"1. Shall the Sewerage Authority of the Borough of South Plainfield proceed with its plans for financing and installing sanitary sewers in the Borough of South Plainfield?
2. Shall the Mayor and Council of the Borough of South Plainfield undertake the planning, financing, and installing of sanitary sewers in the Borough of South Plainfield?"
A summary reference to the facts indicates that on September 23, 1959 the defendant, Mayor and Council of the Borough of South Plainfield, adopted a resolution under and by virtue of the terms of N.J.S.A. 19:37-1 providing for the questions hereinabove cited to be placed on the ballot at the general election to be held on November 3 next in the Borough of South Plainfield.
The plaintiffs contend that the governing body of the municipality has no legal right to ascertain the sentiment of the qualified voters of the defendant borough on questions over which the municipality has no control; and in accordance with such contention obtained an order to show cause returnable before this court on September 29, 1959, at which time the matter was fully argued before the Superior Court, Law Division, of Middlesex County.
*310 The nature of the issue, coupled with the public interest, compels this court to dispose of all of the questions raised, even though a determination of all the questions is not necessary in view of the court's conclusion. This court is of the opinion that the breadth of the pertinent statute providing for the within procedure should be liberally construed to the end that the public may always be fully informed on the activities of its responsible officials. However, the aforesaid conclusion must be tempered within the limits of legal principles so that its import and the justification for the statutory enactment may not be dealt with lightly.
In accordance with my determination to dispose of all of the questions I propose to treat them in the order in which they were presented.
1. The defendant, Mayor and Council of the Borough of South Plainfield, contends that the procedure invoked by the plaintiffs herein was improper and in violation of the rules of the Supreme Court, and urges that procedurally the matter should have been presented to the court on argument seeking a summary judgment in an action in lieu of prerogative writ, and urges that the complaint be dismissed and the show cause order vacated because the plaintiffs failed to serve the defendants with a notice as contemplated by the rules for summary judgment. The court determines that the provisions of R.R. 4:88-4, whilst not strictly complied with by the plaintiffs, have been substantially met, and that the show cause order was proper under these circumstances, and that the defendants had been given ample opportunity to present their legal contentions at the hearing on the return day of the show cause order. The argument before the court indicated that no factual issues are in contention; and it is the opinion of this court that this proceeding calls for the performance of a ministerial act on the part of the Middlesex County Clerk, and therefore meets the requirement of R.R. 4:88-4.
The court invites attention to R.R. 1:27A, which provides:
*311 "The rules applicable to any court shall be considered as general rules for the government of the court and the conduct of causes; and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any instance where it shall be manifest to the court that a strict adherence to them will work surprise or injustice." (Emphasis supplied.)
The objects of R.R. 1:27A are set out in Sattelberger v. Telep, 14 N.J. 353, 363 (1954). The court said at page 363, "Rules of court are mechanical aids to the administration of justice; they are designed to effectuate substantive rights, and to this end they are subject to relaxation where their enforcement would work `surprise or injustice.'" See also to the same effect, Fotopak Corporation v. Merlin, Inc., 34 N.J. Super. 343, 374 (App. Div. 1955), and Monica v. Monica, 25 N.J. Super. 274, 279 (App. Div. 1953).
The court determines that no prejudice was shown to these defendants under the procedure of the case at bar, particularly in light of the time element, namely the proximity in point of time of the next general election and the necessity for the preparation of the ballot; and because of the public nature and interest of this case the court deems the issue emergent in nature and rules that a strict observance of R.R. 4:88-4, providing for a notice of motion for summary judgment, should be relaxed, under the authority of R.R. 1:27A.
2. The defendant mayor and council challenges the right of the individual taxpayer, Santoro, to institute this action, on the thesis that no personal right of his having been abridged he has no legal standing to prosecute this action. The court points out at this time that the borough sewerage authority has the power to prosecute this action under N.J.S.A. 40:14A-7(2), and therefore a determination as to the legal status of the individual taxpayer with relation to this action is of no moment.
On the merits of the controversy, the court observes that the defendant mayor and council has proceeded under N.J.S.A. 19:37-1, which provides for non-binding county or *312 municipal referenda "to ascertain the sentiment of the legal voters of the municipality or county upon any question or policy pertaining to the government or internal affairs thereof, * * *."
The issue to be determined is whether the questions proposed by the resolution of the borough council may be submitted to the electorate in accordance with the terms of this statute.
N.J.S.A. 19:37-1 has been construed by the court in the case of Botkin v. Mayor and Borough Council of Borough of Westwood, 52 N.J. Super. 416 (App. Div. 1958), appeal dismissed per curiam, 28 N.J. 218 (1958). In the cited case the municipality attempted to place on the ballot the question whether any action should be considered to effect a deconsolidation of the Consolidated School District of Westwood and Washington Township. The court denied the right to submit the question to the electorate on the ground that the municipality had no authority to effect a deconsolidation of the consolidated school district. Justice Hall (then Judge Hall) construed N.J.S.A. 19:37-1 by stating at page 432 of the above cited case in 52 N.J. Super.:
"Sentiment can only be asked for with respect to matters concerning or as to which the particular body has power to act. Any broader interpretation would open the door without any restriction and would lead to nothing but confusion and turmoil. It would go far beyond the obvious purpose of the device, i.e., to assist the body calling for a vote in determining the course of action it should pursue on a problem or issue before it and within its jurisdiction."
Let us examine the provisions of the statute empowering the creature of the sewerage authority, N.J.S.A. 40:14A-1 et seq. and determine whether or not the municipality has any authority to act in regard to the proposed questions to be submitted to the electorate as set forth in the resolution. A municipality, under N.J.S.A. 40:14A-2, has the power to construct, maintain, operate or improve works for the collection, treatment, purification or disposal of sewage or *313 other waste, but if it chooses to create a sewerage authority, such powers are thereby transferred to that sewerage authority.
N.J.S.A. 40:14A-7 provides, "Every sewerage authority shall be a public body politic and corporate constituting a political subdivision of the State * * *." The statute gives the sewerage authority full power and responsibility to acquire all properties necessary for its operation, 40:14A-6 and 40:14A-20, to levy charges for its services, 40:14A-8, and to authorize the issuance of bonds to pay the cost of any part of its sewerage system, 40:14A-10.
It is conceded that the municipality has the right to dissolve the sewerage authority pursuant to N.J.S.A. 40:14A-4(h), but only on condition that the sewerage authority members have not yet been appointed, or that the sewerage authority consents to such dissolution, and upon the further condition that the sewerage authority has no debts or obligations outstanding. In the case under consideration none of these conditions exist, so that in this circumstance dissolution of the authority may not be had. In addition hereto the municipality, by virtue of statutory authority, has the power to fix salaries of the members of the sewerage authority, 40:14A-5(d), see also Beyer v. Township Committee of Tp. of Mount Holly, 6 N.J. Super. 409 (1949); however, the municipality may not decrease the salaries of a member of the sewerage authority during his term of office. The statute likewise empowers the municipality to appoint the members of the sewerage authority and provides the right to appropriate moneys by virtue of N.J.S.A. 40:14A-9, but the sewerage authority has full power to determine the expenditure of the moneys appropriated. It is clear from a study of the pertinent statutes that the sewerage authority has full and exclusive power to "undertake the planning, financing, and installing of sanitary sewers"; and it is equally clear that the Mayor and Council of the Borough of South Plainfield has no power to act in response to any decision arrived at by the public in the *314 event the questions set forth in the resolution are presented for the consideration of the electorate.
Judicial fiat has determined that the sewerage authority would not be bound in any wise by the results of such a referendum. The defendants conceded at the hearing on the return day of the show cause order that the mayor and council of the defendant borough lack the statutory power to substitute their own views in place of the determined policy adopted by the sewerage authority.
A denial of the municipal effort with particular reference to the placing of the two questions here involved on the ballot would not preclude the mayor and council from an attempt to dissuade the sewerage authority from proceeding with its plans, even to the extent of petitioning the Legislature to amend the statute and grant to the mayor and council the statutory power they currently lack.
The defendant mayor and council cites the case of the County of Camden v. Pennsauken Sewerage Authority, 15 N.J. 456 (1954) to show that the sewerage authority is the agent and creature of the municipality, and it is conceded that the sewerage authority acts in behalf of the municipality, but the Legislature, by virtue of statutory enactment, has seen fit to give full control of specific acts to the sewerage authority; and implicit in that legislation is the exclusive right of the sewerage authority to deal with the subject matter under review to the exclusion of any other body, public, governmental or otherwise. The Camden County case is distinguishable for the reason that that case was concerned with the question of whether or not public buildings and facilities were to be exempted from the service charge levied by a sewerage authority. The case is not determinative of the issue here, involving prospective questions for consideration of the electorate on referendum.
The defendant mayor and council also contends that an adverse decision to its position may not be asserted because there was a dissenting opinion, and that the reason and logic asserted in the dissenting opinion are more persuasive. This *315 court holds to the view that until such time as the question here involved is determined by the Supreme Court we are bound by the decision of the Appellate Division in the Botkin case.
As indicated heretofore, this court is disposed to permit, if possible, the placing of public questions on the ballot so that the sentiment of the voters may be ascertained. However, the placing of the questions here proposed on the ballot would serve no purpose, for the reason that the municipality lacks any authority to act in the premises. The placing of these questions on the ballot would serve only to create confusion in the minds of the voters and delay the plans of the sewerage authority. It would create uncertainty in the minds of prospective bond purchasers, and would otherwise hamper the lawful activities of the sewerage authority.
In the Botkin case, supra, 52 N.J. Super. at page 430, the language of the court effectively states the basis for its conclusion in that case, and in clear and incisive verbiage indicates that one of the reasons these separate agencies were created was to avoid partisan politics in the administration of essential governmental activities; and to allow the questions raised in that case to be placed on the ballot would defeat the purpose of these acts by permitting partisan views to harass the sewerage authority.
N.J.S.A. 40:14A-35 calls for liberal construction of the Sewerage Authorities Law, "to effectuate the legislative intent and as complete and independent authority for the performance of each and every act and thing herein authorized, and a sewerage authority shall not be subject to regulation as to its service charges or as to any other matter whatsoever * * *" (emphasis supplied). It follows, therefore, that N.J.S.A. 19:37-1 was not adopted by the Legislature to defeat the intent of the legislation authorizing the creature of sewerage authorities.
The defendant mayor and council urges that construction and installation of a sanitary sewer system vitally affects the voters of the defendant borough, and that they should *316 be afforded an opportunity for a public expression with relation thereto. It must be borne in mind that many matters affect the citizens of a municipality over which the mayor and council have little or no control. As the majority stated in the Botkin case, supra, 52 N.J. Super. at page 427, "A mayor and council are not omnipotent in all spheres of local government simply because they are the municipal governing body." This latter quotation is not incorporated in this opinion for the purpose of any discreditable reflection upon the executive branch of the government of the defendant borough, but is simply stated as a principle of law and fact. Defendant mayor and council also argues that no other method is available for the voters to express their views concerning either the provision for or the installation of a sanitary sewer system. This is a matter for the Legislature and not for the courts.
For the reasons herein assigned, judgment will be entered for the plaintiffs, and the county clerk is hereby ordered to refrain from placing the proposed questions on the ballot in the election to be held in the defendant borough on November 3 next. No costs.