57 N.J. Super. 498 (1959)
155 A.2d 23
ANGELO SANTORO, INDIVIDUALLY AND THE BOROUGH OF SOUTH PLAINFIELD SEWERAGE AUTHORITY, A BODY CORPORATE, PLAINTIFFS-RESPONDENTS,
v.
THE MAYOR AND COUNCIL OF THE BOROUGH OF SOUTH PLAINFIELD AND THE COUNTY CLERK OF THE COUNTY OF MIDDLESEX, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued and Decided October 21, 1959.
Opinion Filed October 28, 1959.
*500 Before Judges PRICE, GAULKIN and FOLEY.
Mr. Baruch S. Seidman argued the cause for appellants (Mr. Angelo H. Dalto, attorney).
Mr. Eugene P. Taylor argued the cause for respondents (Mr. Joseph C. Doren, attorney).
PER CURIAM.
Appellants (hereafter called the borough) appeal from a judgment of the Law Division entered October 9, 1959 which ordered the county clerk not to place upon the ballot the non-binding referendum hereafter described which the borough had requested be placed thereon under N.J.S.A. 19:37-1. Since the election is to be held November 3, the appeal was argued and orally decided by affirmance on October 21. At that time we stated that in due course a written opinion would be filed.
Several years ago the borough created the "Borough of South Plainfield Sewerage Authority" (hereafter called the authority) and appointed its members, under N.J.S.A. 40:14A-1 et seq. The authority has been functioning ever since.
On September 23, 1959 the borough adopted a resolution requesting the Clerk of Middlesex County to place upon the ballot for referendum the following questions:
"1. Shall the Sewerage Authority of the Borough of South Plainfield proceed with its plans for financing and installing sanitary sewers in the Borough of South Plainfield?
2. Shall the Mayor and Council of the Borough of South Plainfield undertake the planning, financing, and installing of sanitary sewers in the Borough of South Plainfield?"
N.J.S.A. 19:37-1 provides for non-binding referenda "to ascertain the sentiment of the legal voters of the municipality *501 * * * upon any question or policy pertaining to the government or internal affairs thereof * * *."
Judge Vogel held that the questions here sought to be propounded did not relate to any question or policy pertaining to the government or internal affairs of the municipality because (quoting from his opinion):
"* * * it is clear from a study of the pertinent statutes that the sewerage authority has full and exclusive power to `undertake the planning, financing, and installing of sanitary sewers'; and it is equally clear that the Mayor and Council of the Borough of South Plainfield has [sic] no power to act in response to any decision arrived at by the public in the event the questions set forth in the resolution are presented for the consideration of the electorate."
We agree. N.J.S.A. 40:14A-1 et seq. makes it clear that the borough has no authority to do anything included within question 1 (cf. Beyer v. Tp. Committee of Tp. of Mt. Holly, 6 N.J. Super. 409 (Law Div. 1949); N.J.S.A. 40:14A-35) and is absolutely forbidden to do what is asked in question 2. N.J.S.A. 40:14A-29.
The reasoning in Judge Vogel's opinion paralleled that of the majority in Botkin v. Mayor and Borough Council of Borough of Westwood, 52 N.J. Super. 416 (App. Div. 1958), appeal dismissed per curiam, 28 N.J. 218 (1958). Appellants contend that the Botkin case is not in point because a sewerage authority under N.J.S.A. 40:14A-1 et seq. is merely an agency of the municipality, not a separate and distinct corporate entity as was the consolidated school district involved in the Botkin case, citing County of Camden v. Pennsauken Sewerage Authority, 15 N.J. 456 (1954). Furthermore, say appellants, the majority opinion in Botkin should not be followed because three Justices of the Supreme Court disapproved it and the remaining four declined to pass upon its merits (28 N.J. 218).
These arguments misapprehend the fact that the majority and the dissenting opinions in Botkin agreed upon the fundamental principle, governing the application of N.J.S.A. 19:37-1, that referendum questions must *502 relate to action which the municipality has the authority to take, whether the contemplated action is against a separate corporate entity, or an "agency" as alleged here. If the municipality has no power to act it has no right to seek the voters' advice whether to do so.
The opinions in Botkin differed only upon the application of that principle to the referendum question then before the court, to wit:
"Should any action be considered to effect a deconsolidation of the Consolidated School District of Westwood and Washington Township?"
The majority held that the local governing body was not empowered to seek such legislation, and therefore it had no right to place the question on the ballot. The dissent was based upon the proposition that under the facts there present the municipality did have the right to seek the legislation.
Appellants argue that here, if question 1 were answered "no" and question 2 "yes," it would constitute an expression of sentiment that the municipality take all necessary steps to carry out the wishes of the voters, including obtaining legislation. But referendum questions must be given the meaning that the average voter would give to them. It would be the rare voter who would take these questions to mean that the municipality was asking the advice of the voters on whether to seek legislation to abolish the authority or to curtail its powers. Most voters would vote "no" to the first question if they disapproved of the authority's plans, even though they did not contemplate the abolition of the authority or the shearing of its powers. Likewise, it is hardly likely that any voter who voted "yes" to question 2 would suspect that the municipality has no legal right to plan and install sewers unless legislation first abolishes the authority or amends N.J.S.A. 40:14A-29.
No other basis is suggested upon which it can be pretended that these questions relate to any "question or policy pertaining to the government or internal affairs" of the municipality, *503 within its jurisdiction. Whether the authority is an entity as completely separate from the municipality as a school district is beside the point.
Affirmed.