91 N.J. Super. 74 (1966)
219 A.2d 197
HARRY RETSKY AND OAKWOOD VILLAGE, INC., A NEW JERSEY CORPORATION, PLAINTIFFS,
v.
MUNICIPAL UTILITIES AUTHORITY OF THE TOWNSHIP OF MARLBORO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 30, 1966.
*76 Mr. Fred Dubowsky for plaintiffs (Messrs. Feinberg & Feinberg, attorneys).
Mr. Vincent C. DeMaio for the defendant.
SIMMILL, J.S.C.
Plaintiffs are the owners of 26.2 acres of land located in Marlboro Township. In December 1963 plaintiffs sought approval from the planning board for the development of 44 lots. Accordingly, they submitted a preliminary plat showing, among other requirements, a 10,000-gallon pressurized water tank and a sewage treatment plant located on the northeasterly end of the tract, some 100 feet from the rear of the proposed dwellings.
In December 11, 1963 the planning board approved these plans, subject to further approval by the municipal utilities authority. On December 26, 1963 the township committee also approved plaintiffs' preliminary map, in accordance with the recommendation of the township planning board.
On January 8, 1965 plaintiffs formally sought approval for their water and sewage plans from defendant municipal utilities authority. Defendant has refused, and continues to refuse, to recommend approval since plaintiffs' application does not conform to its rules and regulations. Primarily, defendant contends that the sewerage plant must be located at least 1,000 feet from the nearest dwelling and that the water supply must be located at least 500 feet from any possible source of contamination.
On this motion for summary judgment plaintiffs contend that the authority's rules and regulations are inapplicable to their development and, if applicable, are unreasonable.
*77 Plaintiffs' initial contention is that any change in the location of the sewerage and water supply facilities constitutes a fundamental change in the development. They contend that to locate their treatment plants in accordance with defendant's regulations would effectively deprive them of the majority of usable lots in the proposed development. Consequently, they argue that sewerage and drainage facilities are general terms and conditions which cannot be changed after tentative approval in accordance with N.J.S.A. 40:55-1.18.
Whether sewerage and drainage structures are general terms or conditions (N.J.S.A. 40:55-1.18) or merely improvements (N.J.S.A. 40:55-1.19) is a perplexing problem. See, e.g., Hilton Acres v. Klein, 35 N.J. 570 (1961); Pennyton Homes, Inc. v. Planning Board of Stanhope, 41 N.J. 578 (1964); Purich v. Weininger, 72 N.J. Super. 344 (App. Div. 1962), certification denied 37 N.J. 221. However, that problem is not presently before this court. It is the opinion of this court that the developer never perfected preliminary approval and consequently is not entitled to the protection of N.J.S.A. 40:55-1.18.
Authority for this holding is found in the very language of the planning board's resolution, subject to the approval of the municipal utilities authority. Furthermore, by the land subdivision ordinance in the Township of Marlboro, article VI, paragraph 3, the preliminary plat shall meet the requirements of the township engineer and the municipal utilities authority. "Any subdivision or part thereof which does not meet with the established requirements of this ordinance or other applicable regulation shall not be approved." Article VI. In addition, article V, paragraph 4 (d), of the township ordinance provides that preliminary approval may be granted subject to the approval of defendant of the plans and specifications for any public sewage system or public water system.
Secondly, plaintiffs contend that the authority's rules and regulations are not applicable to their development. They base this contention on the fact that their alleged preliminary approval was granted on December 26, 1963, while the rules *78 and regulations were promulgated on June 5, 1964. However, plaintiffs' argument on this point must necessarily fall for two reasons: (1) they never received any "approval" from the planning board on sewage and water matters; (2) they applied to defendant for approval on January 8, 1965, seven months after the adoption of formal rules and regulations by defendant.
Plaintiffs' next and most substantial argument is that defendant authority has usurped the powers of the planning board. They argue, and correctly so, that by the comprehensive Planning Act adopted by the Legislature, a planning board may be created to exercise the powers under the act, N.J.S.A. 40:55-1.3, 40:55-1.13, 40:55-1.14. While plaintiffs do not challenge the basic authority of the planning board to delegate sewage and water plans to the municipal utilities authority, they contend that the scope of this delegation is a limited one. Thus, they would argue that defendant might have authority to change various minor items, such as the nature of sewage pipes and structures, but such authority would not extend to the location of facilities where the whole plat "approved" by the planning board may be substantially altered by defendant and, in fact, rendered completely useless.
Support for plaintiffs' position is found in Gruber v. Mayor and Tp. Committee of Raritan Township, 68 N.J. Super. 118 (Law Div. 1961), reversed on other grounds, 39 N.J. 1, (1962). There the court held that once a municipality has adopted the provisions of the Planning Act, subdivision control thereafter may be controlled only through authorized channels provided by law. See Magnolia Development Co., Inc. v. Coles, 10 N.J. 223 (1952). In Gruber the township committee continued to regulate a subdivision after the creation of a planning board. Such action was held to be ultra vires and illegal.
Contrary authority is indicated in the recent holding of U.S. Home & Development Corp. v. LaMura, 89 N.J. Super. 254 (App. Div. 1965). There the court, in dealing with *79 Marlboro Township's ordinance, held that the planning board may, if it chooses, leave the matter of satisfactory sewerage and water plans to the utilities authority entirely (at p. 260).
This court is of the opinion that a municipality may delegate the entire sewage and water supply problem to a municipal utilities authority; otherwise, there is little or no necessity for the existence of such an entity. N.J.S.A. 40:14B is a comprehensive legislative enactment creating provisions for the establishment of a municipal utilities authority. The act declares it to be in the public interest to provide adequate water and sewerage facilities. N.J.S.A. 40:14B-2. Authority is given to a municipality to establish a specific body to deal with these matters. N.J.S.A. 40:14B-4. Broad powers are given to the authority. N.J.S.A. 40:14B-19, 40:14B-40. Specifically, N.J.S.A. 40:14B-61 provides that no sewage disposal plant shall be constructed unless the authority shall give its consent thereto and approve the plans and specifications thereof. This section requires the same approval for the construction of water facilities in a municipality.
Further broad powers over sewerage were created by the Legislature in the Sewerage Authorities Law, N.J.S.A. 40:14A-2. Here again it is declared to be the public policy of the State to reduce the menace of pollution. Thus, both acts create an entity, presumably having some expertise, with substantial powers to deal with fundamental problems in the public interest. The authority is thus an alter ego of the municipality to discharge local governmental responsibilities. See Jordan v. Zidel, 40 N.J. 244 (1963).
Sewerage and water problems are responsible for the majority of later subdivision difficulties. Ardolino v. Florham Park Bd. of Adjustment, 24 N.J. 94 (1957). Early determination of the adequacy of these facilities by bodies having expertise in these matters is a necessity. Consequently, the municipal utilities authority should be able to make such changes in the plat as are necessary for the protection of the public interest, even if such changes require a substantial *80 realignment of other plans not within the jurisdiction of the authority.
This court does not find it necessary to rule as to any subsequent disagreement between the planning board and the utilities authority concerning sewage jurisdiction. See Santoro v. Mayor and Council of Borough of South Plainfield, 57 N.J. Super. 307 (Law Div. 1959), affirmed 57 N.J. Super. 498 (App. Div. 1959). Nor will it rule upon the reasonableness of defendant's regulations since no testimony has been presented on this point.
The motion for summary judgment will be denied.