ATLANTIC CITY, DEFENDANT IN CERTIORARI, v. WILLIAM H. TURNER, PLAINTIFF IN CERTIORARI.

Argued November 12, 1901—Decided March 12, 1902.

1. Where a city ordinance provided that the driver of every omnibus or other public conveyance "that may be required to be licensed" should wear in a prominent position on his clothing the number corresponding to the number assigned to the owner of such conveyance by the officer granting the license, it was held on review of a summary proceeding to enforce a penalty for violation of the provision, that the conviction, among other things, must show proof that the omnibus in question was one of a class "required to be licensed" under the ordinances of the city.
2. In summary proceedings to recover a penalty for the violation of a city ordinance, the conviction must show a case clearly and distinctly within the provisions of the ordinance.

---

On *certiorari*.

Before Justices DIXON and HENDRICKSON.

For the plaintiff in *certiorari*, *William I. Garrison*.

For the defendant in *certiorari*, *Godfrey & Godfrey*.

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff in *certiorari* was convicted before the recorder of Atlantic City of violating section 6 of an ordinance of said city entitled "An ordinance to regulate the business of driving omnibusses, automobiles or locomobiles, and fixing the fares to be charged," approved April 12th, 1901.

The particular offence charged in the complaint, as recited in the conviction, is "that on or about the third day of June, A. D. 1901, at Atlantic City aforesaid, William Turner, being then and there the driver of a certain omnibus, neglected and refused to wear in a prominent position on his clothing any number, which was the same as the license number assigned and issued by the mercantile appraiser for the said conveyance which he was driving, all of which is contrary to the provisions of section 6, &c., of the ordinance above described." After hearing the evidence the recorder found the defendant below guilty of the offence charged, and adjudged that he pay the fine of $20 prescribed by the ordinance.

A reversal of the conviction is sought on this ground, among others, that the record fails to set forth all the facts necessary to constitute a legal conviction.

The provisions of section 6 of the ordinance requires that all persons owning omnibusses, &c., "or vehicles of whatever character that may be required to be licensed, shall by the mercantile appraiser be assigned a number for each vehicle so licensed; * * * that no person under the age of sixteen years shall be licensed to drive any omnibus, hack, carriage or other public conveyance, and that the driver of every omnibus, hack, carriage or other public conveyance shall wear, in a prominent position on his clothing, a number which shall be the same as the number issued for the conveyance he drives."

The conviction shows that the only evidence produced was the ordinance above described and the testimony of a police officer. The latter testified that he saw the defendant on Tennessee avenue, in Atlantic City, coming out driving his 'bus and that he was without his badge; that witness meant by badge the license number issued by the mercantile appraiser; that witness spoke to defendant about not having his license badge on, and his reply was that he had no badge; that upon being asked if he had his license, he said, "Yes."

The point is made that the evidence does not show that the defendant was the driver of a vehicle "required to be licensed," and in that respect comes short of proving one of

the essential elements of the offence described in the ordinance.

It is only necessary to compare the evidence with the terms of the ordinance, above set forth, to see that the conviction is defective in this particular, and, as we think, fatally so.

No ordinance fixing the license fees and defining the character of the vehicles required to be licensed was offered in evidence. The mere admission, testified to by the officer, that the defendant had his license, is not sufficient proof of this essential element of the offence charged.

The offence is a penal one, and must therefore be strictly proved. In summary proceedings to recover a penalty the prosecutor must show a case clearly and distinctly within its provisions. *Allaire* v. *Howell Works Co., 2 Gr.* 21; *Hoeberg* v. *Newton, 20 Vroom* 617.

The result is that the judgment of the Recorder's Court is reversed, with costs.