CITY OF BRIDGETON, DEFENDANT, v. LEWIS B. KESSLER, PROSECUTOR.

Decided June 4, 1923.

**Jitney Ordinance—Alleged Violation of for Driving Without License Thereunder—Evidence Considered—Ordinances Imposing Penalty Strictly Construed.**

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *John W. Westcott* and *Henry O. Burt.*

For the defendant, *Walter H. Bacon, Jr.*

PER CURIAM.

The prosecutor was convicted in the mayor's court of the city of Bridgeton of a violation of section 1 of its ordinance No. 298, approved July 11th, 1922, and July 17th, 1922, in that the prosecutor did cause to be operated, partly over the

streets of the city of Bridgeton, an auto bus or jitney without having obtained a license therefor.

Section 1 of the ordinance alleged to have been violated provides: "All auto buses or jitneys operated or to be operated over specified routes, wholly or partly within the limits of the city of Bridgeton, shall be licensed, the drivers thereof shall obtain operators' permits, and auto buses or jitneys shall be operated in accordance with the consents granted under the provisions of this ordinance."

The complaint upon which the conviction was had is radically defective in several respects.

In the first place, there is nothing contained in section 1 of the ordinance which relates to a person causing a jitney or bus to be operated, &c. Section 2 of the ordinance, however, provides that, "Every owner, lessee or possessor of an auto bus or jitney, as defined by section 1, before operating or causing or permitting to be operated any such auto bus or jitney, shall make application, &c., for a license for each auto bus, &c.

Now it is quite manifest that if the prosecutor caused an auto bus to be operated without having obtained a license therefor, he could not be properly convicted upon a complaint which charged a violation of section 1. But even if section 2 could properly be said to be a part of section 1, the complaint would still be fatally defective, since it does not allege that the prosecutor was either owner, lessee or possessor of the said auto bus or jitney, and it is to this class of individuals that section 2 exclusively applies. The prosecutor was entitled to be informed by the complaint whether he was charged as owner, lessee or possessor of the auto bus or jitney, so that he might be apprised in what particular respect he had violated the ordinance. Furthermore, the complaint charges that it was either an auto bus or jitney, which the prosecutor caused to be operated, thus stating the subject matter of the complaint in the alternative which has repeatedly been held to be bad, since it tends to embarrass a defendant in his defence.

Statutes or ordinances, the violation of which subject a person to a penalty, must be strictly construed. Nothing can be intended in favor of the validity of the complaint or the proceedings. These legal rules are so familiar that citation of cases in support of them is unnecessary.

The record before us further discloses that at the trial Walter H. Bacon, Jr., was called as a witness on behalf of the city, and, against the objection of counsel of the prosecutor, was permitted to testify that he addressed a letter to the commissioner of motor vehicles, at the state house, Trenton, N. J., reading as follows: "Will you please furnish me with name and address of the owner of each of the automobiles bearing the following New Jersey license numbers, 023113, 023114, 023115, 023148, 023152," and that he received a reply on the letter which he wrote to the commissioner, that the owner of the automobile bearing the New Jersey license numbers of 023113 and 023114 was the prosecutor. The letter was offered in evidence and was objected to by counsel of prosecutor.

This testimony was clearly hearsay and was improperly received, and as it related to a matter material to the issue, is an additional reason for a reversal of the judgment.

Judgment reversed, with costs.