ROBERT RUPPRECHT, PROSECUTOR, v. JOHN J. DRANEY, MAGISTRATE OF THE TOWNSHIP OF TEANECK, AND TOWNSHIP OF TEANECK, BERGEN COUNTY, NEW JERSEY, DEFENDANTS.

Argued January 24, 1941—Decided May 6, 1941.

Before Justices Case, Donges and Heher.

For the prosecutor, *Ralph W. Chandless* and *Marcus & Katz*.

For the defendants, *Donald M. Waesche*.

For 735 Elm Avenue Corporation, *Lloyd L. Schroeder*.

The opinion of the court was delivered by

Case, J. The writ of *certiorari* brings before us for review the conviction of Robert Rupprecht, the prosecutor, for a violation, as the respondents allege, of one of the provisions of the zoning ordinance of the Township of Teaneck. The complaint charges that Rupprecht violated "Section 4—Item 17 of an ordinance of said township entitled 'Building Zone Ordinance No. 588' in the following manner, viz.: that the said Robert *Reprecht* (*sic*) did then and *here did* at the time and place aforesaid conduct a metal body repair shop all of which being contrary to and in violation of the section of the ordinance herein above referred to." The conviction recited that "the substance of the testimony on behalf of the complainant was substantially to the effect that the defendant on July 31st, 1940, * * * did then and there conduct a metal body repair shop," and found guilty in "that * * * the said Robert Reprecht did then and there conduct a metal body repair shop, in violation of Section IV, Article 17, of Ordinance No. 588 * * *." The conviction was clearly, we think, for conducting a metal body repair shop and is sustainable, for reasons that will presently be stated, only if the ordinance makes that act in an *industrial* zone an offense.

Prosecutor's shop was in a business zone. Section IV of the ordinance has to do with the regulations controlling uses in business zones. Item 17 of that section—and this is the provision against which both the complaint and the conviction run—forbids in a business zone "any trade, industry or use prohibited in an industrial zone." The prohibitions applicable to industrial zones are contained within section V; there are 46 of them, but none prohibits conducting a metal body repair shop. Item 12 of section IV prohibits the use of a premises in the business zone for a "metal or woodworking shop employing more than four persons." The proceedings originally included a complaint against the prosecutor for a violation of that provision. That complaint, however, was dismissed by the trial judge for lack of proof, and neither it nor the item against which it was directed is before us.

Item 46 of section V—the industrial zone section—provides that no building or premises shall be used for a trade or use "that is noxious or offensive by reason of the emission of odor, dust, smoke, gas or noise." There was testimony that the operations by the prosecutor were offensive because of the emission of noise and odor. If the proofs had been such as to support a finding that not merely the prosecutor's shop but any metal body repair shop—the business as a business—involves incidents that are prohibited by the ordinance and if, further, the finding had been to that effect, we would have had a different case to decide. Such were not the proofs and such was not the finding. If it be argued that the case was tried out on the issue supposed above, namely, that the ordinance forbids the using of a building for a trade or use that is offensive by reason of the emission of odor or noise, that the trade of metal body repair shop is offensive because an incident to the business is the emission of odor and noise, and that consequently any pursuit of that trade is a violation of the ordinance, it need only be said in reply that the finding was not of guilt on that issue.

If a craft of that sort may not be followed in the business zone of the Township of Teaneck, it is because the ordinance will not permit it to exist in the industrial zone; and if it may not be carried on in the industrial zone, there seems to

be no place in the municipality where an automobile body repair shop may be operated. We think that that is not the meaning of the ordinance. We conclude that the operation of a metal body repair shop in the industrial zone is not prohibited by the ordinance and that therefore the act for which the prosecutor was complained against and convicted was not an ordinance violation.

The judgment of conviction will be reversed, with costs.