Appellants seek a reversal of their conviction for alleged violation of section 13 of an ordinance of the City of Asbury Park entitled "An Ordinance Relating to Traffic and Regulating the Use of Public Streets and Highways *Page 163 
in the City of Asbury Park, Prescribing Regulations Relative to the Parking of Vehicles upon Such Public Streets and Highways."
Respondents did not file an answering brief with this court, nor did its counsel appear at the argument.
Appellants are taxi drivers licensed by and authorized to do business in the City of Asbury Park. They were respectively charged with violating section 13 of the aforementioned ordinance, in that they parked their taxicabs and solicited business on the public road or driveway leading from Bangs Avenue or Cookman Avenue to Railroad Square, a place not designated or permitted by said ordinance.
Several grounds are advanced for reversal of appellants' conviction. For the purposes of our determination, it is essential to consider only two, viz.: that (1) the evidence at their trial did not establish that "Railroad Square," where appellants were alleged to have committed the violations of the ordinance, was a public street or highway; and (2) that the ordinance did not prohibit soliciting business by appellants and the convictions, therefore, were invalid.
Discussing ground (1) for reversal, to support the conviction it was essential that the charge be strictly proved. There was no testimony offered at the trial to prove that "Railroad Square" is a public street or highway. The Police Court, in its written opinion convicting appellants, stated: "Although the property is privately owned by the New York and Long Branch Railroad, it is subject to the easement of the general public to travel over Railroad Square by vehicle and by foot, and therefore, the City of Asbury Park has the right to control any traffic or the solicitation of taxi business, which may occur on either the north circle or the south circle of Railroad Square." There was no evidence to support such a finding. In the case of AtlanticCity v. Turner, 67 N.J.L. 520 (Sup. Ct. 1902), wherein defendant was convicted of violation of local ordinance regulating business of driving omnibusses, etc, defendant's conviction was reversed on the ground that the evidence failed to conform with the terms of the ordinance and the court said: *Page 164 
"The offense is a penal one, and must therefore be strictly proved. In summary proceedings to recover a penalty the prosecutor must show a case clearly and distinctly within its provisions. Allaire v. Howell Works Co., 2 Gr. 21; Hoebergv. Newton, 20 Vroom 617."
To convict appellants it was essential that the evidence establish that Railroad Square is a public square and, therefore, subject to regulation as prescribed in the ordinance under review and there being no such evidence the conviction of appellants was erroneous. And, even if it were determined that Railroad Square is a public place, it appears that section 21 of ordinance adopted in 1906 permitting soliciting of fares in Railroad Square, has never been repealed.
Adverting now to ground (2) for reversal, appellants argue that soliciting business does not fall within the title of the ordinance nor is there any provision in the body of the ordinance prohibiting the soliciting of business. An examination of section 13 of the ordinance, alleged to have been violated by appellants, states, inter alia, "The following places are designated as taxi, carriage and hack stands for the purpose of soliciting business and there shall be no parking of any other vehiclestherein" (italics ours). A careful scrutiny of the other provisions of the ordinance fails to reveal any provision prohibiting the soliciting of business or providing any penalty therefor. The complaint against appellants charges that they did "park a hack or taxicab and solicit business at a place other than such as designated and permitted by said ordinance * * *." Appellants were convicted of parking their taxis and solicitingbusiness. As the ordinance creates no prohibition against soliciting business, it necessarily follows that there could be no valid conviction under such a charge. "Statutes or ordinances, the violation of which subject a person to a penalty, must be strictly construed. Nothing can be intended in favor of the validity of the complaint or the proceedings. These legal rules are so familiar that citation of cases in support of them is unnecessary." Bridgeton v. Kessler, 1 N.J. Misc. 261 (Sup.Ct. 1923). Cf. Haviland v. Egan, 11 N.J. Misc. 799 (Sup.Ct. 1933); Rupprecht v. Draney, 126 N.J.L. 383 (Sup. Ct. *Page 165 
1941). We are convinced that appellants' conviction cannot be sustained, as it charges appellants with acts that are not prohibited by the ordinance.
The judgments of conviction are reversed.