7 N.J. Super. 192 (1950)
72 A.2d 529
THE BOARD OF COMMISSIONERS OF THE CITY OF NEWARK (FRANCIS FARRAND, 50 THIRD STREET, NEWARK, NEW JERSEY), PLAINTIFF-RESPONDENT,
v.
HERMAN INLANDER, DEFENDANT-APPELLANT. THE BOARD OF COMMISSIONERS OF THE CITY OF NEWARK (FRANCIS FARRAND, 50 THIRD STREET, NEWARK, NEW JERSEY), PLAINTIFF-RESPONDENT,
v.
EVA ORECHOVSKY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 27, 1950.
Decided April 12, 1950.
*193 Before Judges JACOBS, McGEEHAN and EASTWOOD.
Mr. Sidney Simandl argued the cause for the appellants.
Mr. Charles Handler argued the cause for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
The appellants were charged, by complaint filed in the Municipal Court of the City of Newark, *194 with soliciting and accepting $200 for renting or procuring a dwelling or place to reside, in violation of Section 2 of the City's ordinance prohibiting such conduct. Section 2 provides that:
"No person shall solicit or accept any gratuity, gift, reward, brokerage commission or other compensation for renting, leasing or procuring for or informing another person or persons of a dwelling or place to reside in any building in the City of Newark, except that nothing herein contained shall be deemed to refer to legal brokerage or commission due to regularly licensed real estate brokers."
On January 27, 1949, the Municipal Court denied a motion to dismiss the complaint and, after trial, adjudged the appellants guilty and imposed fines. On appeal to the Essex County Court it concluded that the complaint was defective in failing to negative the exception set forth in Section 2 of the ordinance and entered an order reversing the conviction and remanding the matter to the Municipal Court with directions to permit the amendment of the complaint and the retrial of the appellants upon the amended complaint. The appellants seek, without objection by the respondent, to have the validity of the County Court's order reviewed at this time. Cf. Rules 4:2-3, 4:5.
Their appeal to the County Court was properly taken by the appellants pursuant to Rule 2:11. See State v. Yaccarino, 3 N.J. 291 (1949). The appellants contend that under paragraph (h) of that Rule the County Court was obliged either to convict or acquit them after trial de novo and had no authority to remand the matter to the Municipal Court. Rule 2:11 was announced by the Supreme Court on June 21, 1948, to become effective September 15, 1948. Although it provided for judgment of conviction or acquittal after trial de novo in the County Court, it was entirely silent as to the procedural powers of the County Court in instances where justice required other disposition prior to conviction or acquittal. However, on July 27, 1948, the Legislature enacted P.L. 1948, c. 264, p. 1151 (R.S. 2:8A-30), effective September 15, 1948, which states that the procedure of the *195 Municipal Courts shall be substantially as provided in R.S. 2:220-32 to 2:220-55, subject to such Rules as the Supreme Court shall make applicable to the Municipal Courts. Included within the foregoing is R.S. 2:220-47(e) which, applied to our present Court structure, vests power in the County Court to remand proceedings to the Municipal Court for amendment and retrial. Cf. Grant v. Grant Casket Co., 137 N.J.L. 463, 465 (Sup. Ct. 1948); affirmed, 2 N.J. 15 (1949). We find nothing whatever in the cited Rules of the Supreme Court (2:11, 8:1, 8:11) to support the appellants' suggestion that they were intended to deny to the County Court the power to remand contemplated by R.S. 2:220-47(e) and P.L. 1948, c. 264, p. 1151 (R.S. 2:8A-30); indeed, such denial would appear to be wholly inconsistent with the general purpose of the Rules to broaden the procedural powers of our Courts to the end that just dispositions on the merits may be facilitated and determinations on the basis of procedural niceties may be avoided.
In reaching its conclusion that the complaint required amendment, the County Court relied upon the decisions in our State holding that "where the exception in a criminal statute appears in the enacting or prohibitory clause thereof, the indictment must negative its existence in order to exhibit a crime." State v. Lee, 100 N.J.L. 201, 203 (Sup. Ct. 1924). But cf. State v. Reilly, 88 N.J.L. 104, 108 (Sup. Ct. 1915); affirmed, 89 N.J.L. 627 (E. & A. 1916), where Justice Bergen, speaking for the former Supreme Court, said:
"We are quite satisfied that under the cases the exception must be contained in the prohibitory clause as a part of the description of the thing forbidden, and that if it does not appear there, the pleader is not bound to aver it. We are also of opinion that the fact that the exception appears in the same section of the act with the prohibitory clause, does not change the rule if the clause containing the exception is distinct and substantive, and that such a condition exists in the statute being considered."
The foregoing might well support the position that the exception in the Newark ordinance, although in the same section *196 with the prohibitory clause, was sufficiently "distinct and substantive" to avoid the necessity of being negatived in the complaint. Cf. Plainfield v. Watson, 57 N.J.L. 525, 526 (Sup. Ct. 1895), and the cases collected in 153 A.L.R. 1218. However, we need not pursue this issue further in view of the express terms of R.S. 2:220-39. That provision, rendered applicable to the proceedings in the Municipal Court below by P.L. 1948, c. 264, p. 1151 (R.S. 2:8A-30), states that it is not "necessary for any pleading or process to specify or negative any exception, exemption, proviso, excuse, condition or qualification in the statute or ordinance on which any case shall be predicated." Similar provisions in other enactments, federal and state, have readily been sustained and the appellants have not advanced any persuasive reason for questioning the propriety of its application under the circumstances presented in the instant matter. See Newman v. United States, 299 F. 128, 133 (C.C.A. 4th 1924); 27 Am. Jur., § 107, p. 668.
The appellants contend that our decision should not be permitted to rest upon R.S. 2:220-39 since it had not been considered below. That was the result of the failure of the parties to call it to the County Court's attention; none of the considerations underlying the sound administration of justice in any wise supports the suggestion that upon review pursuant to the appellants' application this Court may or ought disregard its existence. Since there was no occasion for a remand to the Municipal Court the order of the County Court is reversed with directions that it proceed in accordance with this opinion.
Reversed and remanded.