57 N.J. Super. 238 (1959)
154 A.2d 581
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL F. GAGLIARDI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1959.
Decided September 25, 1959.
*239 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. James A. Breslin argued the cause for defendant-appellant.
Mr. Edward F. Hamill, Assistant Prosecutor, argued the cause for plaintiff-respondent (Mr. Lawrence A. Whipple, Hudson County Prosecutor).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant was arrested on August 20, 1958, kept in jail over night, and in the morning, without *240 counsel, pleaded guilty before the magistrate to the following complaint:
"Miss I * * * W * * *, complainant * * * says that Michael F. Gagliardi, defendant * * * annoyed the complainant Miss I * * * W * * * by making suggestive remarks and kept changing seats when she did, against the peace of the state, the government and dignity of the same, and contrary to the provisions of New Jersey Statutes 2A:170-5."
This complaint does not spell out an offense under N.J.S. 2A:170-5. That section of the Disorderly Persons Act provides:
"Any person who practices prostitution, or who, by word, act, sign or any device, invites or solicits unlawful sexual intercourse or any other unlawful, indecent, lewd or lascivious act, is a disorderly person."
The magistrate forthwith sentenced defendant to 90 days in the Hudson County Penitentiary. Defendant immediately retained an attorney who, on the very day of the sentence, filed notice of appeal to the Hudson County Court. Thereafter he withdrew the appeal because defendant had pleaded guilty (State v. Mull, 30 N.J. 231 (1959), had not yet been decided) and, following State v. Nicastro, 41 N.J. Super. 484 (Cty. Ct. 1956), moved before the magistrate to withdraw the plea of guilty upon the following grounds:
1. There was no due process of law in that defendant was not represented by counsel.
2. There was no due process of law, in that defendant was not advised of his right to an adjournment to prepare his case, secure counsel, or the attendance of witnesses.
3. The complaint was so vague and indefinite that it did not inform the defendant of the nature and extent of the charge against him.
4. The complaint does not state an offense.
The motion was supported by defendant's affidavit in which he said:

*241 "* * * * * * * *
2. I did not confer with counsel before my plea and did not know I could have the right to confer with counsel before pleading. If I had known this I would have sought the advice of counsel.
3. I did not know of any right to have a postponement to prepare my defense and have witnesses present in court.
4. I did not receive a copy of the complaint nor was I given an opportunity to read the complaint against me.
5. I am not guilty of the complaint against me. I made no remark to Miss I * * * W * * * and did not understand I was admitting this. Nor am I guilty of the other particulars in the complaint."
No answering affidavits were filed, and there is nothing in the record to contradict defendant's affidavit. The motion to withdraw the plea was nevertheless denied by the magistrate. No stenographic record was made of any of the proceedings before him, and there is nothing before us to indicate upon what grounds he decided the motion.
Defendant appealed to the Hudson County Court from the denial of the motion to withdraw the plea. Upon the hearing of the appeal before the County Court defendant's attorney sought to prove the truth of the reasons which defendant had alleged for the withdrawal of the plea. The County Court refused to receive any such proof, affirmed the denial of the leave to withdraw the plea, and ordered the service of the 90-day sentence.
In this the County Court erred. As there was no record, stenographic or otherwise, of what in truth happened in the magistrate's court, defendant was entitled to make such a record in the County Court; or the County Court should have remanded the case to the magistrate's court for the making of such a record. State v. Mull, supra.
Respondent argues strenuously that this means that in every case in which a defendant claims he was not afforded due process it will be necessary for the magistrate to testify. Not at all. This can be avoided by having defendant sign a form similar to Criminal Procedure Form 13A (cf. R.R. 8:12-1), acknowledging that he was afforded the rights required by the rules; or by making a stenographic record *242 of the proceedings; or by having the clerk keep a record of what transpires with the aid of which record he, instead of the magistrate, can testify.
The State argues that the complaint does spell out a violation of N.J.S. 2A:170-5. The State's brief says:
"It is a commonplace of experience that when a man follows or pursues a female and makes suggestive remarks, it is his purpose to `invite or solicit unlawful sexual intercourse or any unlawful indecent, lewd or lascivious act.'"
We are not prepared to say, as a matter of law, that to charge a man with making "suggestive remarks" to a woman necessarily charges him with inviting her to unlawful intercourse or to indecent, lewd or lascivious acts. The suggestions, though resented by the woman, may fall short of that. The New Century Dictionary (1931 ed.) defines suggestive as "tending to suggest thoughts, ideas, etc.; conveying a suggestion or intimation; giving a seeming indication of something; sometimes, such as to suggest something improper or indecent * * *." (Emphasis ours.)
In any event, as interesting and amusing as such exercises in semantics may be, they have no place in the courts. To begin with, defendants in the magistrates' courts, unaided by counsel, are rarely equipped for such ratiocination. More important, the stakes are too high, and the results of pleading guilty to a misunderstood complaint too disastrous, to permit such guessing games in court. "Due process means more than mere notice to a person that he is a defendant  he is entitled to a complaint which informs him of the legal and factual basis of the charge which he is called upon to face." Hewitt v. Hollahan, 56 N.J. Super. 372, 378 (App. Div. 1959). Here, in the absence of any evidence in the record to the contrary, it is plain that the complaint did not inform the defendant that he was being charged with inviting the woman to unlawful intercourse or to indecent, lewd or lascivious acts.
*243 For violating the Disorderly Persons Act the magistrate may sentence the defendant to "imprisonment in the county workhouse, penitentiary or jail for not more than 1 year, or by a fine of not more than $1,000, or both." N.J.S. 2A:169-4. Therefore, we should not begrudge the few minutes it takes to phrase a complaint clearly, and to explain it if necessary, so that the defendant knows precisely what the charge is before he pleads guilty.
The State argues, in the alternative, that if the complaint is not sufficient to spell out a violation of N.J.S. 2A:170-5, it is sufficient to charge a violation of N.J.S. 2A:170-29 and (to quote the State's brief) "[i]f * * * the suggestions made by defendant did not bring the case within the scope of 2A:170-5, the court had power to amend the complaint accordingly." However, the fact is that the magistrate did not amend the complaint. Therefore, we need not decide what amendments would be necessary to bring the case under 2A:170-29. Certainly it would not be sufficient merely to change the statute number. Furthermore, since the case was decided not upon testimony, but upon a plea of guilty, the magistrate had no power to amend the complaint so materially after the plea without giving defendant the opportunity to withdraw it. Cf., R.R. 8:12-3.
The conviction is set aside. Defendant's plea of guilty shall be considered withdrawn. The matter is remanded to the municipal court with leave to the State to amend this complaint or file a new one, in either of which cases defendant shall plead anew, following which the case shall proceed de novo.