58 N.J. Super. 538 (1959)
156 A.2d 750
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD T. MILLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Union County Court, Criminal Division.
Decided November 23, 1959.
*539 Mr. Edward T. Miller, pro se, for the defendant-appellant.
Mr. George Perselay (Mr. H. Douglas Stine, Prosecutor), attorney for the State.
FULOP, J.C.C.
The defendant was convicted of operating his automobile at a speed of 36 miles per hour on North Broad Street in Hillside. Defendant admitted the facts, but denied that the speed limit in the area was 25 miles per hour. He appeals from the conviction.
*540 The State presented no evidence establishing that this was a residence or business district within the meaning of N.J.S.A. 39:1-1 and N.J.S.A. 39:4-98 and 99, as construed in State v. Zeus, 56 N.J. Super. 323 (Cty. Ct. 1959). Nor was there any evidence that any speed limit had been established especially for this area by ordinance or regulation, as provided in N.J.S.A. 39:4-98. There was evidence that signs showing the number 25 had been erected, but no proof of the authority by which they were placed as required by the statute.
A sign showing a speed limit is merely notice of the law or an ordinance or regulation prohibiting a greater speed. The sign itself does not set the speed limit. There can be no conviction for violation of the edict of a posted sign, but only for violation of the statute, ordinance or regulation having the force of law. There are many unauthorized signs in the State which may serve as a warning but have no effect in creating an offense.
The general speed limit on the highways of the State is 50 miles per hour (exclusive of the New Jersey Turnpike and Garden State Parkway). In the absence of proof showing that another or lower speed limit applies in the district, the presumption must be that the 50 m.p.h limit applies. The lesser speed regulations depend upon the existence of special facts of which the court cannot take judicial notice and of which it cannot have knowledge with respect to every street in the county.
The offense of exceeding a speed limit of less than 50 m.p.h. cannot be charged without alleging that it occurred in a business or residence district or in a district for which the stated speed limit has been established in conformity with the statute. The description of the location is an integral part of the offense. The charge cannot be proved without proving the facts establishing the speed limit. The burden of proof is upon the State to establish all elements of the offense. State v. Matchok, 14 N.J. Super. 359 (App. Div. 1951); City of Bridgeton v. Smith, 1 N.J. *541 Misc. 397 (Sup. Ct. 1923); City of Bridgeton v. Kessler, 1 N.J. Misc. 261 (Sup. Ct. 1923); State v. Protokowicz, 55 N.J. Super. 598 (App. Div. 1959).
In Smith v. Asbury Park, 3 N.J. Super. 161 (App. Div. 1949), it was held that failure to prove that the area where defendants parked their taxicabs was a public street or highway was fatal to conviction of violation of an ordinance prohibiting such act on a public street or highway. The court quoted with approval from Atlantic City v. Turner, 67 N.J.L. 520 (Sup. Ct. 1902) as follows:
"The offense is a penal one and must therefore be strictly proved. In summary proceedings to recover a penalty the prosecutor must show a case clearly and distinctly within its provisions. * * *"
In State v. O'Brien, 136 N.J.L. 118, at page 127 (Sup. Ct. 1947), the Supreme Court said:
"Where there is no law of which the court takes judicial cognizance imposing a duty on a defendant, the special circumstances creating the duty must be distinctly alleged before the defendant can be required to answer for neglect."
In State v. Lee, 100 N.J.L. 201, at page 203 (Sup. Ct. 1924), Chief Justice Gummere said:
"* * * where the exception in a criminal statute appears in the enacting or prohibitory clause thereof, the indictment must negative its existence in order to exhibit a crime."
These citations are analogous rather than exactly in point in all respects. They demonstrate that where an act might constitute an offense under some circumstances and not under other circumstances, the State must prove the existence of the facts which render the defendant's conduct a violation of law.
In the absence of proof that the place in which the defendant traveled at 36 m.p.h. was a business or residence district, or a district which has otherwise been subjected to a lower maximum speed limit, there must be an acquittal and it is so ordered.