STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WILLIAM H. CROLAND, DEFENDANT, AND MARVIN ZALK, DEFENDANT-RESPONDENT.

Argued December 21, 1959—Decided January 25, 1960.

*Mr. Brendan T. Byrne,* Essex County Prosecutor, argued the cause for plaintiff-appellant (*Mr. Sanford Freedman,* Deputy Attorney General, of counsel).

*Mr. Paul T. Murphy* argued the cause for defendant-respondent, Marvin Zalk (*Messrs. Crummy, Gibbons & O'Neill,* attorneys).

*Mr. Walter D. Van Riper* argued the cause *amicus curiae* (*Messrs. Van Riper & Belmont,* attorneys).

PER CURIAM. Croland and Zalk were indicted for violation of *N. J. S.* 2A:102–3, which provides:

"Any director, member or officer of any corporation or association who fraudulently takes, misapplies or misuses any money or property of the corporation or association, is guilty of a misdemeanor."

Croland was Secretary-Treasurer of the C. J. Simons Corporation, an insurance agency engaged in selling various forms of group life insurance for the Continental Assurance Co. of Chicago. He sold a group life plan to the Passaic and Bergen Counties Trucking Employees Welfare Fund. Zalk was an administrator of the Fund. He had no connection with the Simons Corporation, nor was he a licensed insurance broker. Certain persons associated with the Fund, in a manner that need not be detailed, demanded that Croland rebate or "kick-back" to Zalk a portion of the commissions in order to retain the business. Croland yielded to the pressure and paid moneys by check of the Simons Corporation to Zalk. For doing so, the indictment for violation of the quoted statute was returned, Croland being charged as the principal malefactor and Zalk as aider and

abettor. After trial, the jury convicted both men. Zalk appealed; Croland did not. The Appellate Division, after reviewing the evidence, held that the State had failed to prove that Croland had fraudulently taken, misapplied or misused any money or property of the Simons Corporation within the meaning of the statute. It reversed Zalk's conviction, declaring that if the principal's guilt of the crime charged had not been established, an aider and abettor could not be convicted. The opinion not only vacated the conviction but remanded the proceedings for the entry of a judgment of acquittal. We granted certification on application of the State. *In re Petkos' Will*, 30 *N. J.* 150 (1959).

Our study of the record has led us to the view that the judgment of the Appellate Division should be affirmed, but for a different reason.

■■ The Simons Corporation, a small corporate operation, was owned in equal shares by Croland and Charles J. Simons. Simons was President but took no active part in the conduct of its affairs beyond a *pro forma* signing of checks jointly with Croland. The latter was actively in charge and ran the agency, subject to certain limitations alleged by the State, the scope and effect of which we need not consider for present purposes. Arrangements with Croland for the payment of a portion of the commission to Zalk were made by a third person or persons connected with the Fund. The record reveals that as far as Zalk is concerned, he had every reason to believe that Croland had full authority from the corporation to agree to the division and to fulfill the undertaking by delivering the required checks. And the co-signature of Simons on the checks served to confirm rather than to deny the fact. Under the circumstances, in the absence, at the very least, of knowledge, express or implied, that Simons had not authorized or did not know of the payments Croland made to Zalk, there is no basis on which Zalk can be held criminally liable as an aider and abettor. This is not to say that his course of conduct in receiving the "kick-back" was not morally repre-

hensible. Nor does the suggestion that he was guilty of transgressing other penal laws in doing so (a contention on which we do not rule) alter the present situation. Finding no warrant in the evidence for submitting to the jury the issue of guilt of the specific offense which is the subject of the indictment, the judgment of conviction cannot stand. And it nowhere appearing or being suggested that all available evidence on the problem of criminal knowledge was not produced at the trial, we agree that on the remand judgment of acquittal should be entered. We desire to point out, however, that ordering judgment of acquittal upon reversal of a conviction in a criminal case is at odds with the general rule. Ordinarily, the practice to be followed calls for remand for a new trial. *State v. Menke*, 25 *N. J.* 66, 72 (1957); *State v. Lamoreaux*, 20 *N. J. Super.* 65 (*App. Div.* 1952). Our limited holding here is that the unusual circumstances of this case justify a departure from that course.

Another circumstance must be referred to again. Croland did not appeal from the verdict of his guilt and the time for taking such action has long since expired. After conference with counsel, he decided to accept the judgment and to be bound by it. On the thesis we have expounded, it was not necessary for the Appellate Division to consider the problem of whether the proof adduced at the trial was sufficient to support a finding of violation by him of the statute on which the indictment was predicated. Accordingly, we express no opinion on that subject.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.