STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WILLIAM P. MORTON, DEFENDANT-RESPONDENT.

Argued March 4, 1963—Decided March 18, 1963.

Mr. *Robert J. Del Tufo*, Assistant Prosecutor of Morris County, argued the cause for plaintiff-appellant (*Mr. Frank C. Scerbo*, Prosecutor of Morris County, attorney; *Mr. Bertram Polow*, First Assistant Prosecutor of Morris County, of counsel).

Mr. *Frank F. Harding* argued the cause for defendant-respondent (*Mr. Aaron Dines*, attorney).

*Mr. Steven S. Radin,* Deputy Attorney General, argued the cause for the State of New Jersey as *amicus curiae* (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant was convicted of operating a motorcycle under the influence of intoxicating liquor, contrary to *N. J. S. A.* 39:4–50. The County Court affirmed the conviction, but the Appellate Division reversed and ordered a new trial. 74 *N. J. Super.* 528 (1962). We granted the State's petition for certification. 38 *N. J.* 317 (1962).

 The judgment of the Appellate Division is affirmed, and for the reasons expressed in its opinion, except in one particular which requires qualification. This relates to the problem of admissibility of the testimony of two police officers with respect to certain physical tests or actions engaged in by defendant at their request shortly after his arrest. According to the officers defendant was put through tests referred to as "finger to nose," "walking heel to toe," "standing heels and toes together [with] eyes closed," "standing bent, head back, eyes closed," "standing bent at the waist with eyes closed," etc. They described the results of the tests, not only on the basis of their observation of his actions, but in some instances they used such terms as "normal" and "failure." The Appellate Division pointed out that such conclusory expressions are not admissible if given by lay witnesses, as distinguished from persons shown to have some expert knowledge, such as physicians, or others who have had special training in use of the tests and in normal and abnormal reactions thereto. We agree that where the significance of results of tests depends upon a conclusion of the witness as to whether the motorist's reaction is a departure from the normal or standard, such conclusion may not be given unless the examiner is shown to have some skill or training which will qualify him to make an evaluation. But on retrial of this case, even if no qualifying experience or training of the officers is shown, it does not follow that their testimony must be

excluded. It is entirely proper for them to describe the tests or maneuvers they had the defendant perform and then testify as to what his *physical reaction was* when he undertook to execute them. The reaction should be described in terms of what they *observed* when the tests were undertaken by defendant. To illustrate, we consider that Lieutenant Castellucci's testimony was competent when, speaking of defendant's attempt to walk heel to toe, he said Morton "was slow, swayed and stepped to the side." Descriptions in like terms of the results of the tests are also admissible. In other words, the observed physical reactions to such tests are on the same plane as other common factual indicia that a person is under the influence of intoxicating liquor which always may be testified to by a layman. Of course the ultimate determination of defendant's intoxication within the meaning of the statute rests with the trial court on all the evidence in the case.

In our view there is no need to remand the case to the Municipal Court. Since the matter must be retried *de novo* with "live" witnesses as distinguished from a trial on a stenographic record, disposition will be expedited by retrial in the County Court.

It is so ordered.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.