85 N.J. Super. 341 (1964)
204 A.2d 716
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN E. RING, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1964.
Decided November 10, 1964.
*342 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. William V. Roveto argued the cause for appellant (Messrs. Moser, Roveto & McGough, attorneys).
Mr. Ronald J. Picinich, Assistant Prosecutor, argued the cause for respondent (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant was convicted in the municipal court of Lyndhurst on a complaint which charged him with "speeding 45 M.P.H. in a 25 M.P.H. zone." The County Court affirmed on the stenographic record made in the municipal court. Defendant appeals.
Defendant contends that the conviction must be reversed because the State presented no evidence of the speed limit at the place of the offense. He contends that under N.J.S.A. 39:4-98 the prima facie lawful speed at all points is 50 M.P.H.; if the State claims that at a given point the lawful speed is less, the State must prove it, and since there was no such proof he is entitled to an acquittal.
The County Court acknowledged that there was no such proof but held that since the question had not been raised by defendant in the municipal court it was "too late for him now to argue that there was something more to try below." The County Court reasoned thus:
"The transcript shows that the defendant made no point of the defect in the State's proof at the close of its case. He took the stand to refute the officer's observations and conclusion as to the speed the defendant was traveling in fact. Actual speed was the single matter litigated. When the defense was narrowed down to this *343 issue, its context, as set up by the complaint, was no longer vital. A valid 25 mile per hour limit was necessarily implied in the posture of the defendant's case."
We disagree. As in any criminal case, the burden was upon the State to prove all the essential elements of the offense charged. Here proof of the speed limit was essential. State v. Miller, 58 N.J. Super. 538 (Cty. Ct. 1959). Defendant's failure to raise the need to prove this essential fact cannot be turned into an admission of that fact or a waiver of proof of it. The conviction must therefore be reversed.
This brings up the question whether defendant should now be acquitted or the case remanded to the municipal court for a new trial.
Defendant admits that we are not compelled to acquit, and that we may order a new trial. Board of Commissioners v. Inlander, 7 N.J. Super. 192, 194 (App. Div. 1950); cf. M. v. F., 60 N.J. Super. 156, 163 (App. Div. 1960). In those cases in which the County Court tries the case anew, and not on a stenographic record, a remand by us for a new trial of the facts is usually to the County Court, State v. Miller, 64 N.J. Super. 262 (App. Div. 1960); otherwise, to the municipal court. State v. Morton, 74 N.J. Super. 528 (App. Div. 1962). Cf. State v. Mull, 30 N.J. 231 (1959); I. v. D., 60 N.J. Super. 211, 221 (App. Div. 1960); State v. Gagliardi, 57 N.J. Super. 238, 243 (App. Div. 1959); M. v. F., supra; Board of Commissioners v. Inlander, supra.
Defendant argues that here there should not be a new trial because the evidence on the merits was not sufficient to support a judgment of conviction, even if the 25-mile speed limit be assumed. Our examination of the testimony satisfies us that, had the speed limit been proved, the evidence would have been sufficient to support a conviction.
Defendant argues that "While it appears, under our cases in New Jersey, that a reversal of a conviction for lack of sufficient evidence of guilt does not ordinarily warrant an appellate judgment of acquittal and the preferred practice is the granting of a new trial, see State v. Sullivan, 77 N.J. *344 Super. 81, 86 (App. Div. 1962), applying the reasoning and theory expounded in the most recent Supreme Court decisions involving double jeopardy, this court, in its discretion, should enter a final judgment of acquittal or direct the same in the Court below if the case is reversed for insufficiency of evidence as to an essential element of the crime charged, as was done by our Supreme Court in State v. Croland, 31 N.J. 380, 384 (1960)," because it is fundamentally unfair to put him to the harassment, anxiety and expense of a new trial. However, it is a fact, as the County Court pointed out, that defendant, though represented by counsel, did not raise the point in the municipal court. It may be that the approach taken by defendant led the State to believe that there was no dispute about the speed limit. In any event, had defendant raised the point in the municipal court (as was the case in State v. Miller, supra, 58 N.J. Super. 538) the question of the speed limit would have been settled there. Since he did not, but reserved it for appeal, the interests of the State outweigh the inconvenience to defendant, and the State should be given the right to a new trial if it desires one. Board of Commissioners v. Inlander, supra; State v. Lamoreaux, 20 N.J. Super. 65, 76 (App. Div. 1952).
The conviction is reversed and the case is remanded to the municipal court of Lyndhurst for further proceedings not inconsistent with this opinion.