123 N.J. Super. 583 (1973)
304 A.2d 210
STATE OF NEW JERSEY, PLAINTIFF,
v.
CHARLIE FAY NELSON, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division (Criminal).
Decided April 23, 1973.
*584 Mr. George Pappas, Assistant Prosecutor, for plaintiff (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
Mr. John J. Hughes, Assistant Deputy Public Defender, for defendant (Mr. Stanley C. Van Ness, Public Defender, attorney).
YANOFF, J.C.C.
This issue arises by reason of an indictment in two counts under N.J.S.A. 2A:96-5 and 5.1 (L. 1966, c. 12).
Section 5 provides:
A person who is addicted to the use of morphine, cocaine, heroin, opium or any derivative thereof, or marihuana, and who hires, employs or uses any child under the age of 18 years to transport, carry, sell, prepare for sale or offer for sale any of said drugs for any unlawful purpose, is guilty of a high misdemeanor.
Section 5.1 provides:
*585 A person who is not addicted to the use of morphine, cocaine, heroin, opium or any derivative thereof, or marihuana, and who hires, employs or uses any child under the age of 18 years to transport, carry, sell, prepare for sale or offer for sale any of such drugs for any unlawful purpose, is guilty of a high misdemeanor and shall be punished by imprisonment for not more than 30 years except upon the affirmative recommendations of the jury of life imprisonment in which case the punishment shall be imprisonment for life.
The Dangerous Substance Control Law (N.J.S.A. 24: 21-1 et seq.) does not make provisions for these offenses.
Strangely enough, neither our research nor that of counsel has revealed any previous decision under these sections. There is apparently no similar statute in any other jurisdiction. Cf. 28 U.S.C.A., § 2901 (the Narcotic Addict Rehabilitation Act of November 8, 1966).
The first count of the indictment alleges that defendant, "a person who is addicted to the use of narcotics did hire * * *" a minor to transport, etc., narcotics, in violation of section 5. The second count makes no allegation as to whether defendant is addicted, and alleges only that he "did hire * * * a child under the age of 18 years * * * to transport * * * a narcotic drug * * *," in violation of section 5.1.
Defendant moves to dismiss the indictment on due process grounds. Defendant's arguments are threefold:
1. The State must prove addiction or nonaddiction as an element of the crime. It is urged that addiction is not defined or definable; therefore defendant cannot know the nature of the charges against him, and the statute must fall, citing State v. Gagliardi, 57 N.J. Super. 238 (App. Div. 1959).
2. The statute is too vague to be enforceable.
3. The accused may be compelled to take the stand to prove addiction, and thereby to incriminate himself, in order to avoid the heavier penalty imposed upon non-addicts.
The State argues addiction or nonaddiction bears only upon the penalty, and that if the State proves only use "of a child under the age of 18 to transport, carry, * * * any of said drugs for an unlawful purpose," it has established the *586 crime but that defendant is subject only to the lesser penalty. It urges, further, that if the State comes forward with evidence of nonaddiction, defendant is then obligated to meet the issue by proving addiction, implying that there is a presumption of nonaddiction.
It is, of course, the duty of the court to sustain the statute if there is a rational basis upon which it can be done:
There is a strong presumption that a statute is constitutional, General Electric Co. v. City of Passaic, 28 N.J. 499, 510 (1958); In re Village of Loch Arbour, 25 N.J. 258, 264-265 (1957), and a legislative act will not be declared void unless its repugnancy to the Constitution is clear beyond a reasonable doubt. Gangemi v. Berry, 25 N.J. 1, 10 (1957). "To declare a statute unconstitutional is a judicial power to be delicately exercised.' Wilentz v. Hendrickson, 133 N.J. Eq. 447, 487 (Ch. 1943), affirmed 135 N.J. Eq. 244 (E. & A. 1944). In Loch Arbour, supra, Mr. Justice Francis said (25 N.J. at pages 264-265):
"In approaching a problem such as this, courts always recognize a strong presumption of constitutionality; doubts are resolved in favor of conformity with the organic law, and if the statute under attack admits of two constructions, one of which will render it invalid and the other valid, the intrepretation sustaining constitutionality will be adopted."
[Harvey v. Essex County Board of Freeholders, 30 N.J. 381, 388 (1959)]
Applying that canon of construction it is clear that whether accused is subject to the greater or lesser penalty bears upon the punishment, and not upon whether the offense has been committed.
The two sections prohibit use of a minor in connection with narcotics in precisely the same words. They differ only by imposing a greater penalty upon a non-addict who commits the prohibited acts. The legislative purpose is clear enough; it is to punish more severely one who is not under the compulsion of addiction.
Once the State has established that defendant has used a minor for the prohibited purposes, it has proved the requisite elements of the crime under section 5. Therefore, it is not necessary to decide whether an allegation that defendant *587 is an "addict" is sufficiently clear and precise to give defendant the notice which constitutional law requires that he be given. If the State goes no further than proving that defendant has used a minor for the forbidden purposes, the punishment will necessarily be the lesser one.
This, however, does not dispose of the problem raised by the second count of the indictment. It seems to me that in dealing with this problem the appropriate analogy is N.J.S.A. 2A:85-12, the Habitual Criminal Act. The statute there provides for increased punishment for a criminal convicted of other offenses. Prior to the enactment of N.J.S.A. 2A:85-13, effective May 22, 1953, which specified the procedure to be followed where the State sought to invoke the penalties of the Habitual Criminal Act, the proper practice when the State wished to punish defendant as a habitual criminal was to allege the prior convictions in the indictment, and to submit any factual issue to the jury. State v. Lutz, 135 N.J.L. 603 (Sup. Ct. 1947); State v. Laird, 25 N.J. 298 (1957). There was a similar result in State v. Booker, 88 N.J. Super. 510 (App. Div. 1965), in construing N.J.S.A. 24:18-47 (now N.J.S.A. 24:21-29) which provided for increased punishment for a person convicted as a second offender for the sale of narcotics. Cf. State v. McCall, 14 N.J. 538 (1954); State v. Johnson, 109 N.J. Super. 69 (App. Div. 1970). Clearly, the State, if it seeks a conviction under section 5.1, must plead and prove that defendant is not a narcotic addict. In the words of Justice Heher in State v. Laird, supra:
The procedure is rooted in the fundamental common-law principle that in penal proceedings the accused shall be clearly informed of the charge he is called upon to meet; and this of necessity involves the elements of aggravation which under the statute enlarged the grade of the crime by enhancing the punishment. [25 N.J. at 303]
It follows that the second count must be dismissed because of the failure to allege that defendant is not a narcotics addict. The defect cannot be remedied by reliance *588 upon a "presumption" of nonaddiction. While a statute may enable a finder of fact to make an inference of guilt from an act which in common experience leads to such a conclusion (the "rational connection" test), without diminishing from the State's burden to prove guilt beyond a reasonable doubt (State v. Di Rienzo, 53 N.J. 350 (1969), the statute in this case does not authorize such an inference.
In view of the above there is no need to determine whether an allegation of nonaddiction, which might put defendant to the necessity of proving addiction, would violate his Fifth Amendment rights.
An order will therefore be entered denying the motion as to the first count, and granting it as to the second count.