142 N.J. Super. 288 (1976)
361 A.2d 111
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RUSSELL E. TROPEA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1976.
Decided June 22, 1976.
*289 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Norman L. Zlotnick argued the cause for appellant (Perskie and Callinan, P.A., attorneys).
Mr. Peter S. Hamerslag, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
Defendant was found guilty, first in a municipal court and then on appeal and a trial de novo on the record in the County Court, on a complaint which charged him with "speeding 44 M.P.H. in a 25 M.P.H. zone."
*290 On appeal defendant argues first that "the County Court erred in ruling that the State had fulfilled its burden of proving that the speed limit at the site of the offense was 25 mph." We agree.
"[T]he burden was upon the State to prove all the essential elements of the offense charged. Here proof of the speed limit was essential." State v. Ring, 85 N.J. Super. 341, 343 (App. Div. 1964), certif. den. 44 N.J. 407 (1965), cert. den. 382 U.S. 812, 86 S.Ct. 24, 15 L.Ed.2d 60 (1965).
No evidence of the applicable speed limit was offered. The State's obligation was not met by the mere reference by the court to the fact that the charge was "doing forty-four in a twenty-five mile zone."
The conviction must therefore be reversed. However, the reversal does not call for a dismissal of the charges but rather for a remand for a new trial if the State desires one. State v. Ring, supra, 85 N.J. Super. at 344.
Since the new trial will be as to all issues, there is no need to resolve defendant's further contention that the proofs offered did not sufficiently establish the accuracy of the radar set-up and the radar reading.
If a retrial is had, it shall take place in the County Court, not in the municipal court. The statement in State v. Ring, supra at 343, in reliance on State v. Morton, 74 N.J. Super. 528 (App. Div. 1962), that a retrial in the circumstances here presented should be in the municipal court, overlooked the opinion of the Supreme Court in the Morton case, reported at 39 N.J. 512 (1963). Although it affirmed the reversal of defendant's drunken driving conviction and the grant of a new trial, the Supreme Court disagreed with the Appellate Division's direction that the new trial should be in the municipal court, saying:
In our view there is no need to remand the case to the Municipal Court. Since the matter must be retried de novo with "live" witnesses as distinguished from a trial on a stenographic record, disposition will be expedited by retrial in the County Court. [at 515]
Reversed and remanded.