149 N.J. Super. 470 (1977)
374 A.2d 54
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK LUTZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1977.
Decided May 17, 1977.
*471 Before Judges HALPERN, ALLCORN and BOTTER.
Mr. Gregory April argued the cause for appellant (Mr. Philip N. Saginario, attorney).
Mr. R. Scott Rosmarin, Assistant Prosecutor, argued the cause for respondent (Mr. Donald G. Collester, Jr., Morris County Prosecutor, attorney).
The opinion of the court was delivered by BOTTER, J.A.D.
Defendant appeals his conviction for driving while under the influence of intoxicating liquor (N.J.S.A. 39:4-50(a)). Since this was his second offense he was sentenced to the county jail for a period of three *472 months and his driving privileges forfeited for a period of ten years pursuant to statute.
Defendant's appeal is based primarily on the fact that the municipal court judge announced his conclusion that defendant was guilty even before his expert witness finished testifying. The State had established that defendant was stopped by the police around 5:30 P.M. on the date in question. The State produced two officers who testified concerning defendant's condition. Breathalyzer tests taken at 6:38 P.M. and 6:49 P.M. produced readings of .19 and .18 respectively (see N.J.S.A. 39:4-50.1), and a video tape was introduced in evidence showing defendant's behavior at the police station. Finally, defendant testified that he had consumed two drinks of rye whiskey "on the rocks" between 1:30 and 2:00 P.M., and about six or seven more drinks between 3:00 and 5:30 P.M. However, defendant testified that the last four or five drinks were consumed quickly between 4:45 and 5:30 P.M. It was defendant's intention to offer proof through his expert witness that he was not "under the influence" while driving his vehicle at 5:30 P.M. when stopped by the police since the drinks did not have their full effect until about one hour later when the first breathalyzer test was administered.
Defendant's expert estimated that, based upon the breathalyzer readings, defendant's body contained 9 1/2 ounces of alcohol. By a theory of extrapolation the witness was about to offer his opinion upon defendant's blood alcohol level at 5:45 P.M. At this point, however, the municipal court judge stated that the witness could continue his testimony but that a man who has seven drinks in 2 1/2 hours, is stopped by the police 15 minutes later and has a reading of .19 and .18 within an hour, "is guilty as far as I'm concerned of driving while under the influence." After defense counsel objected the judge amplified his views by stating that he would not believe an expert witness who could testify on the facts before the court that defendant was not under the influence at 5:45 P.M. on the day in question. When *473 defendant offered no other evidence the judge pronounced him guilty.
On appeal to the County Court the trial judge there acknowledged that defendant's right to present his defense through his own witness had been impaired. See Webb v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972). The State does not contend otherwise. However, the judge afforded defendant the opportunity to produce his expert witness, or another expert witness, so that defendant could have the benefit of expert testimony which the municipal court judge had foreclosed. When such testimony was not produced, after a continuation afforded by the County Court judge, defendant was again found guilty based upon the municipal court record.
Defendant contends now that he should be acquitted or that, at the very least, we should remand the matter for plenary trial de novo in the County Court. He objects to the procedure followed in the County Court. He contends that the conduct of the municipal court judge deprived him of constitutional rights; that such deprivation was not waived by his appeal to the County Court, and that he was unjustly put in jeopardy twice by the denial of a fair trial in the first instance.
We find no merit to these contentions. On the record before us we also find no abuse of discretion in the County Court judge having concluded the case although defendant was unable to produce his expert witness in court on the adjourned date.
Ordinarily, the trial of an appeal to the County Court is heard de novo on the record below where there is a complete record of the proceedings in the municipal court. R. 3:23-8(a). The appeal operates as a waiver of all defects in the record. R. 3:23-8(c). Where the municipal court improperly excludes evidence or, as in the case at hand, unduly impairs defendant's right to present witnesses, the County Court has the duty to correct such error if it has been prejudicial. It may do so by hearing the excluded evidence and considering it together with all evidence contained *474 in the municipal court record. See Handleman v. Marwen Stores Corp., 53 N.J. 404 (1969), where the court sanctioned the use of the power to relax the rules (now R. 1:1-2) to admit testimony of an expert witness in the County Court despite the court rule then prevailing that workmen's compensation appeals be heard de novo exclusively on the record below. The improper interference with defendant's presentation of his defense does not require defendant's acquittal. That solution was not afforded in Webb v. Texas, supra, or in State v. Roszkowski, 129 N.J. Super. 315 (App. Div.), certif. den. 66 N.J. 325 (1974). In both cases defendant's constitutional rights were infringed by undue interference with his right to present witnesses, and the convictions were reversed but the cases remanded for a new trial. The general rule calls for a new trial rather than a judgment of acquittal upon reversal of a conviction in a criminal case. State v. Croland, 31 N.J. 380, 384 (1960); see State v. Morton, 39 N.J. 512 (1963), aff'g 74 N.J. Super. 528 (App. Div. 1962), where the case was returned to the County Court for retrial after reversing and setting aside a conviction for driving under the influence of intoxicating liquor. Accord, State v. Tropea, 142 N.J. Super. 288 (App. Div.), certif. granted, 71 N.J. 502 (1976).
Thus, we conclude, a proper remedy was afforded defendant for the error committed in the municipal court. That remedy consisted of a trial de novo in the County Court on the record below with the right to supplement that record by offering evidence which had been improperly foreclosed in the municipal court. This holding conforms to the amendment to R. 3:23-8(a) recommended in the Report of the Supreme Court's Committee on Criminal Practice, 99 N.J.L.J. 393 at 395 (1976).
Lastly, we find no merit to defendant's contention, interspersed among his other points, that the video tape should not have been admitted in evidence because of an alleged violation of his discovery rights.
Affirmed.