153 N.J. Super. 252 (1977)
379 A.2d 486
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN H. BOYINGTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 3, 1977.
Decided October 20, 1977.
*253 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. William E. Wilson, attorney for defendant-appellant.
Mr. James M. Coleman, Jr., Monmouth County Prosecutor, attorney for plaintiff-respondent (Mr. Charles J. Uliano, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney pro se (Mr. Mark Paul Cronin, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
The principal issue before us is whether a motoring speed detection device called the Decatur Ragun (or Ra-Gun), used by the West Long Branch police to detect defendant's alleged violation of a local speed limit, is sufficiently established to be scientifically reliable to justify a conviction based upon information derived therefrom. Defendant, who was convicted in the Municipal and County Courts of driving 45 m.p.h. in a 25-mile zone, argues to the *254 contrary, and he also complains that the patrolman using the device was inadequately trained in its use, and that the reliability of the particular instrument used was not established.
We had recent occasion to review the principles of judicial notice of the scientific reliability of instrumentation used to establish speeding by motorists in State v. Finkle, 128 N.J. Super. 199 (App. Div. 1974), aff'd o.b. 66 N.J. 139 (1974), cert. den. 423 U.S. 836, 96 S.Ct. 61, 46 L.Ed.2d 54 (1975), and see State v. Dantonio, 18 N.J. 570 (1955). In relation to a device which has not previously been judicially noticed by an appellate court of this State to be scientifically reliable, a trial court should require such reliability to be established before it by expert scientific proof unless judicial notice may properly be taken under either Evid. R. 9(2)(d) or 9(2)(e). The latter rule is pertinent here, and it provides that judicial notice may be taken of "specific facts and propositions of generalized knowledge which are capable of immediate determination by resort to sources of reasonably indisputable accuracy."
The State informs us that the Ra-Gun (Decatur is the name of the manufacturer) is an instrument which embodies the use of the well-known Doppler radar effect and is activated by pointing the instrument at the suspect vehicle and pulling a "trigger" on the "gun." Thereupon the speed of the suspect vehicle is computed and recorded by the instrument. However, no expert testimony to that effect was submitted at the trial. The State adduced only the testimony of three police officers. One of them identified the instrument as manufactured by Decatur Electronics Inc. and explained in lay terminology how it was used and calibrated. He had been instructed in its use by a Decatur employee. He testified he set it up for the operation which resulted in the arrest of defendant, but that a second patrolman, previously instructed by a third one, had actually operated the gun on that occasion. Each of the other patrolmen also testified. The machine had been acquired by the West Long Branch police department *255 in 1975, and the defendant was apprehended in July 1976.
The Attorney General has supplied this court with a pamphlet entitled "Techniques for Radar Speed Detection" by Kenneth L. Ward, Assistant Director, Research and Development Division, The Traffic Institute, Northwestern University, which explains radar. This document is beside the point. The Supreme Court long ago held our courts would take judicial notice of instruments for detection of speeding which operate on the principle of radar. State v. Dantonio, 18 N.J. 570 (1955). See also, State v. Overton, 135 N.J. Super. 443 (Cty. Ct. 1975); Annotation, 47 A.L.R.3d 822, 831 et seq. (1973). However, the pamphlet mentioned does not identify the particular instrument used in this case as operating on the radar principle, nor is there any other evidence of a competent nature before us establishing that fact. Compare State v. Finkle, supra, where there was a wealth of data supporting the reliability of VASCAR and pertinent expert testimony in a companion appeal.
We conclude the conviction must be reversed for insufficient proof establishing the scientific reliability of Ra-Gun. Since the State may well be able to adduce the requisite proof at a new trial, it will be accorded the opportunity to do so. See State v. Croland, 31 N.J. 380, 384 (1960).
With respect to the defendant's contentions as to the inadequacy of the proofs as to the qualifications of the operator and as to the testing of the particular machine, this to some extent may depend on the proofs to be supplied as to the scientific reliability of the instrument. Although we entertain some reservations as to the completeness of the evidence in the former respects here adduced, the questions may be passed in view of the reversal of the conviction on the ground already stated.
In the case at hand the State may move the matter for retrial in the County Court if it believes the requisite proof of the scientific reliability of the Ra-Gun is available.
Reversed.