76 N.J. Super. 555 (1962)
185 A.2d 55
ALFRED S. GAMRIN AND SUZANNA G. GAMRIN, PLAINTIFFS,
v.
THE MAYOR AND COUNCIL OF THE CITY OF ENGLEWOOD, BERGEN COUNTY, AND ALEXANDER ALLAN, AS CLERK OF THE COUNTY OF BERGEN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 22, 1962.
*556 Mr. Robert G. Platoff for the plaintiffs (Mr. S. David Harrison, on the brief; Messrs. Platoff, Platoff and Heftler, attorneys).
Mr. John J. Breslin, Jr. for the defendants Mayor and Council of the City of Englewood (Messrs. Breslin and Breslin, attorneys).
Mr. Milton T. Lasher for the defendant Bergen County Clerk.
*557 BROWN, G.H., J.C.C. (temporarily assigned).
The plaintiffs, who are citizens and taxpayers of the City of Englewood, challenge the validity of the governing body's action in seeking to place on the official ballot for the coming general election the following proposition:
"Are you in favor of transferring certain elementary school grades from their present schools into a single school for such grades?"
N.J.S.A. 19:37-1 enables this municipal procedure if the foregoing can be said to be a
"* * * question or policy pertaining to the government or internal affairs [of the municipality] * * *."
This statutory device for ascertaining voter sentiment is so obviously useful to those who are burdened with the duty of promoting the public welfare that a court should interfere only where a misuse is plain. The articulation of citizen opinion is of the essence of democracy.
The principle for judicial guidance was spelled out by the Appellate Division in Santoro v. South Plainfield, 57 N.J. Super. 498 (1959):
"* * * referendum questions must relate to action which the municipality has the authority to take * * *. If the municipality has no power to act it has no right to seek the voters' advice whether to do so." (at p. 501.)
The plaintiffs contend that in this instance the principle is violated. They say that "The assignment of students to one school or another within the City of Englewood school system is purely the responsibility of the Board of Education."
There can be no argument that the desirability of student transfers between schools and any method for accomplishing the same are policy matters exclusively within the board of education province. But the fact that only board of education initiative can effect such action does not necessarily mean that the governing body has no proper concern in the area.
*558 During the argument on the hearing of this action it was represented as a fact, without contradiction, that the consolidation proposal originated with the board of education. That agency, it was said, referred the matter to the board of school estimate for the necessary funds to implement such a project.
Englewood public school affairs are managed within the statutory framework of a "chapter 6" district. R.S. 18:6-1 et seq. General responsibility for the fiscal affairs of such a district is in the hands of a board of school estimate, in which members of the municipal government participate.
Under the present circumstances the governing body is necessarily involved in a field of potential action if there is a preference for the proposal. The responsibility for taking a fiscal position subsists with the municipality no matter how the issue originates.
In Botkin v. Westwood, 52 N.J. Super. 416 (App. Div. 1958), appeal dismissed 28 N.J. 218 (1958), the governing body sought a referendum as to a matter with which it was powerless to cope. Only the Legislature could undo the consolidation which was being submitted to community judgment. The clear lack of power to act in any way made the governing body's position untenable.
There is no such misuse of N.J.S.A. 19:37-1 here. The courts should favor every effort by those charged with the responsibility of government to canvass the sentiment of the electorate where public policy is concerned. In the context of the Englewood situation the governing body should be free to invoke the statute. It is true that the municipal officials cannot properly act to bring about any transfer of students between schools. But if such action should eventuate at the hands of constituted authority, the governing body will be left with implementation responsibilities sufficient to warrant its right presently to be concerned.
The relief demanded in the complaint is therefore denied. The question will appear on the sample ballot and the official ballot by virtue of judgment for the defendants.