THEODORE H. HODGES, PLAINTIFF-APPELLANT, v. R. D.
 VAN FLEET. MUNICIPAL CLERK OF THE TOWNSHIP
 OF CLINTON, COUNTY OF HUNTERDON; HUNTERDON
 COUNTY BOARD OF ELECTIONS; AND CLINTON TOWN-
 SHIP CITIZENS COMMITTEE, INC., A CORPORATION OF
 THE STATE OF NEW JERSEY, DEFENDANTS-RESPON-
 DENTS.

Argued March 3, 1970—Decided March 24, 1970.

Mr. *Daniel C. Soriano, Jr.* argued the cause for appellant (*Messrs. Mott and Soriano,* attorneys).

Mr. *Francis E. Pisani, II* argued the cause for respondents (*Mr. Oscar W. Rittenhouse,* attorney).

Mr. *Raymond B. Drake* appeared as special counsel for respondent R. D. Van Fleet.

PER CURIAM. We granted certification on the motion of defendant Clinton Township Citizens Committee, Inc. to review the validity of an optional form of government adopted by the voters of Clinton Township in the November 4, 1969 election. The following question appeared on the ballot in that election:

Shall Mayor-Council Plan D of the Optional Municipal Law, providing for a division of the municipality into three wards with one councilman to be elected from each ward and four to be elected at large be adopted by the Township of Clinton?

Plaintiff, a resident, taxpayer and registered voter of Clinton Township, filed a complaint in lieu of prerogative writ claiming that the above form of government—three wards and seven councilmen—was not authorized by the Faulkner Act, *N. J. S. A.* 40:69A–1 *et seq.* (Act), and therefore the vote in favor of the change was a nullity.

*N. J. S. A.* 40:69A–111 and 112 provide that under a Mayor-Council Plan D the municipality shall be divided into two wards and the town council shall consist of five members. *N. J. S. A.* 40:69A–13, however, states that when a charter commission recommends the adoption of any of the optional forms of government, it may specify that the town council shall consist of seven or nine members instead

of five, and it may further specify that the municipality shall be divided into three, four, five, or six wards instead of two provided:

(1) Where the council is to consist of five members, the municipality may be divided into three wards;

(2) where the charter commission specifies that the council shall consist of seven members, the municipality shall be divided into four wards; and

(3) where the charter commission specifies that the council shall consist of nine members, the municipality shall be divided into five or six wards.

Although the plan in the instant case was proposed by petition rather than by charter commission, *N. J. S. A.* 40:69A–19 relates to proposals by petition and provides "the petition shall designate the plan to be voted upon, which may include any of the alternatives provided" in *N. J. S. A.* 40:69A–13.

The trial judge held that the forms of government enumerated in the Faulkner Act were merely permissive and granted summary judgment for defendants. We disagree. The statute is precise and there is no reason to believe that the Legislature intended to permit configurations of municipal government other than the alternatives specifically delineated in *N. J. S. A.* 40:69A–13. Since the plan passed upon by the voters of the Township was not authorized by the Act, it follows that the election was a nullity.

Accordingly, the judgment of the trial court is reversed and the matter is remanded to the trial court for entry of judgment for the plaintiff.

*For reversal and remandment*— Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.