HENRY G. LYNCH, ANTHONY M. DE FINO, PAUL A. ER-
BACH, JAMES F. LANGAN AND JOSEPH P. OLIVETTI,
PLAINTIFFS-RESPONDENTS, v. THE TOWN OF WEST
NEW YORK, A MUNICIPAL CORPORATION, IN THE
COUNTY OF HUDSON, STATE OF NEW JERSEY: LAW-
RENCE T. HAVEY, RAYMOND F. GABRIEL, JOHN E.
OTIS, JOHN C. CENDO AND ROLAND SABATINI, COM-
PRISING THE BOARD OF COMMISSIONERS OF THE
SAID TOWN OF WEST NEW YORK; AND THOMAS
E. RAIMONDO, ACTING CLERK OF THE SAID TOWN
OF WEST NEW YORK, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued April 27, 1971—Decided April 27, 1971.

(1)

Before Judges KILKENNY, HALPERN and LANE.

*Mr. Isidore Parnes* argued the cause for appellants (*Mr. Louis L. Flaum,* attorney).

*Mr. Sidney I. Turtz* argued the cause for respondents.

PER CURIAM. This action in lieu of prerogative writs, filed on April 8, 1971 in the Law Division pursuant to *R.* 4:69–1, resulted in a judgment on April 14, 1971 in favor of plaintiffs and against defendants. The judgment ordered defendants the five incumbent commissioners of the Town

of West New York, to cause to be placed on the ballot for the general municipal election to be held in West New York on May 11, 1971, the following proposed ordinance:

BE IT ORDAINED by the Board of Commissioners of the Town of West New York that no person who has been elected a Commissioner for two (2) successive terms, shall again be eligible for that office for a period of five (5) years following the expiration of his second successive term.

Admittedly, the judgment was in error in setting the disqualification period at five years. The petition had referred to four years. An order amending the judgment to change the original five-year period to a four-year period of disqualification was signed and filed on April 30, 1971 following the announcement of our decision. This amendment does not alter our conclusion.

The judgment further ordered defendant acting town clerk to cause the aforesaid ordinance to be published in accordance with the requirements of *N. J. S. A.* 40:74-16 and printed on the ballot in accordance with the requirements of *N. J. S. A.* 40:74-17.

Defendants appealed from the judgment, filing their notice of appeal with this court on April 19, 1971. Because of the imminency of the May 11, 1971 municipal election, at which five persons would be elected to serve as commissioners for the ensuing four-year term fixed by statute, *N. J. S. A.* 40:75-2, we granted a stay of the judgment pending disposition of a motion for a stay until the appeal would be decided. At the same time we directed that the motion for a stay pending appeal be argued orally before us on April 27, 1971, the parties agreeing to submit their supporting papers and briefs by April 26, 1971.

At the time of oral argument of the motion for a stay, counsel for both sides stipulated in open court that we might dispose of the merits of the appeal while disposing at the same time of the motion for a stay. Accordingly, we heard oral argument by both counsel as to the substantive

merits of the appeal. There was no claim of any procedural deficiency, and the facts were not in dispute. We recite them briefly.

The Town of West New York is governed by a five-member commission under the commission form of government commonly known as the "Walsh Act." *N. J. S. A.* 40:75–1 *et seq.* West New York has been so governed for many years. On the second Tuesday in May in every fourth year five commissioners are elected at the regular municipal election "to serve for the term of four years and until their successors shall have been elected and duly qualified," as expressly provided for in *N. J. S. A.* 40:75–2. Such a municipal election has been scheduled to be held on May 11, 1971.

The incumbent five commissioners are candidates for re-election. Three of the five have previously been elected commissioners for two successive terms immediately preceding the oncoming election. Whether adoption of the proposed ordinance would have any effect upon their eligibility as candidates at the ensuing election or some future election has not been ruled upon in this case and is not presented on this appeal. Hence, we do not pass upon this potentiality. Plaintiffs are, among others, rival candidates at the May 11 election.

Acting under the initiative provision of the "Walsh Act," more particularly *N. J. S. A.* 40:74–9 *et seq.,* a petition was signed by the requisite number of electors and submitted to the board of commissioners requesting that the proposed ordinance be submitted to a vote of the people if not passed by the board of commissioners. The board did not pass the ordinance, nor did it submit it without alteration to a vote of the electors of the municipality within the times limited, as set forth in *N. J. S. A.* 40:74–14. Rather, the board's position was and is that it lacks the power to adopt such an ordinance, even if it were willing to do so — and apparently it is not so willing — and the proposed ordinance is not a proper one for submission to a binding vote of the electors.

Because of the board's public announcement of its position, the action in lieu of prerogative writs followed with the result noted above.

Because of the urgency of the situation, we recessed and conferred immediately upon conclusion of the oral arguments. Upon reconvening, we forthwith orally announced our decision and stated that a formal opinion would be filed. We ruled, and reaffirm herein, that the legislative function to establish the eligibility and term of office of the commissioners was within the powers of the State Legislature and may not be legally altered by the municipality by local ordinance, either voluntarily adopted by the board of commissioners or upon the approval of the electors under the initiative method, *N. J. S. A.* 40:74-9 *et seq.* Accordingly, we reversed the judgment of the Law Division and stayed enforcement of the provisions thereof.

The Legislature has expressly fixed the term of a commissioner at four years, *N. J. S. A.* 40:75-2. It has not limited the eligibility of a person to be a candidate by reason of his previous service as a commissioner. In fact, a commissioner's previous experience and record may afford a sound basis for determining his fitness for further service and the desirability of continuing him as a commissioner.

Plaintiffs argue that the proposed ordinance is legally capable of adoption because *N. J. S. A.* 40:48-1 provides, *inter alia*:

The governing body of every municipality may make, amend, repeal and enforce ordinances to:
\*          \*          \*          \*          \*          \*          \*

3. Prescribe and define, except as otherwise provided by law, the duties and terms of office or employment, of all officers and employees; and to provide for the employment and compensation of such officials and employees, in addition to those provided for by statute, as may be deemed necessary for the efficient conduct of the affairs of the municipality.

This subdivision is headed in bold-faced type: "Officers and Employees; Duties, Terms and Salaries."

■ The above statutory provision does not apply to or warrant the making of an *ordinance* prescribing and defining the duties and terms of office of commissioners elected by the people. Their duties and terms of office are prescribed and defined by acts of the Legislature. The commissioners are not "officers or employees" to be paid compensation for the services rendered in their employment. The commissioners constitute the "governing body" of the municipality.

That there is a difference between the "governing body" and a "public officer" is made manifest by the definitions of these terms, expressly set forth in *N. J. S. A.* 40:48–2.4. "Governing body" is defined to include the "board of commissioners." A "public officer" is defined as a person "authorized by ordinances adopted hereunder to exercise the powers prescribed by such ordinances."

Obviously, there is admittedly no statutorily expressed power to pass an ordinance determining eligibility to election as a commissioner or limiting the terms for which a person may be elected. Accordingly, the proposed ordinance is inherently invalid and not a proper public question to be placed on the ballot under the initiative procedure.

The Law Division judgment of April 14, 1971 is reversed and operation of its provisions is permanently stayed.