ROBERT F. SLOAN, CITY CLERK OF THE CITY OF BAYONNE, PLAINTIFF, v. ERNEST LETTIERI, GEORGE BABICH, CORNELIUS J. REGAN, PAUL LABUE AND ANDREW ZAKUTANSKY, INDIVIDUALLY AND AS THE COMMITTEE OF THE PETITIONERS, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Hudson County

Decided September 27, 1979.

Frank J. Zioboro, Law Director, Department of Law, City of Bayonne, N. J. for plaintiff.

Arthur W. Vespigani for defendants, Jersey City, N. J.

KENTZ, J. S. C.

The City Clerk of Bayonne seeks a declaratory judgment to determine the validity of an ordinance proposed under the initiative power contained in the Optional Municipal Charter

Law (commonly known as the Faulkner Act). *N.J.S.A.* 40:69A–184 *et seq.* Plaintiff also seeks to enjoin defendants from taking any further action to place the proposed ordinance before the municipal council or on the ballot.

*The undisputed facts follow.* On August 13, 1979 defendants filed a petition with the city clerk proposing the ordinance in question. This petition purported to contain the signatures of 15% of the registered voters of the city, as required by *N.J.S.A.* 40:69A–184. Bayonne is governed by the Mayor-Council Plan C form of government pursuant to the Faulkner Act. *N.J.S.A.* 40:69A–55 *et seq.* The petition proposes an ordinance that would limit the number of terms for which a municipal official may be elected. *The ordinance in question reads in pertinent part:*

Section 1. No person who has been elected Mayor for two (2) successive terms, including an unexpired term, shall again be eligible for that office until four years shall have expired following the expiration of his or her second successive term.

Section 2 contains the same language as § 1 except that it applies to councilmen rather than to the mayor.

The city clerk contends that the petition proposes an ordinance which is *ultra vires* the power of the municipality to enact and thus he asserts that the petition is rendered void on its face.

Defendants argue that the proposed ordinance is a valid subject for municipal legislation because the Legislature has granted to local governments the right to adopt an ordinance limiting the number of terms of members of its governing body. Defendants base their argument on the New Jersey Constitution, *N.J.Const.* (1974), Art. IV, § VII, par. 11, on the language contained in *N.J.S.A.* 40:69A–184 and on the silence of the Faulkner Act as to the number of terms permitted.

The determination of the validity of an initiative ordinance before it is enacted by the voters is a proper subject for a

declaratory judgment action. *McCrink v. West Orange,* 85 *N.J.Super.* 86, 91 (App.Div.1974); *Newark v. Benjamin,* 144 *N.J.Super.* 58, 66 (Ch.Div.1977), aff'd *per curiam,* 75 *N.J.,* 311 (1978).

■ *N.J.S.A.* 40:69A–184 provides that the voters of a municipality covered by the Faulkner Act may propose "any ordinance" by initiative. This initiative provision is to be liberally construed in line with the intent of the Faulkner Act to confer the greatest possible power of local self-government and to encourage the public's interest and participation in local government. *Cuprowski v. Jersey City,* 101 *N.J.Super.* 15 (Law Div. 1968), aff'd *o. b.,* 103 *N.J.Super.* 217 (App.Div.), *certif. den.* 53 *N.J.,* 80 (1968). However, "any ordinance," as stated in *N.J.S.A* 40:69A–184 does not mean "all ordinances." *Smith v. Livingston Tp.,* 106 *N.J.Super.* 444, 457 (Ch.Div.), aff'd *o. b.,* 54 *N.J.* 525 (1969); *Maese v. Snowden,* 148 *N.J.Super.* 7, 11–12 (App.Div.1977). It is well settled that only municipal legislation which is within the power of the municipality to enact can be the subject of an initiative petition. *Gamrin v. Englewood,* 76 *N.J.Super.* 555 (Law Div.1962). The principle for judicial guidance is that an initiative question "must relate to action which the municipality has the authority to take . . . If the municipality has no power to act, it has no right to seek the voter's advice whether to do so." *Santoro v. South Plainfield,* 57 *N.J.Super.* 498, 501 (App.Div.1959).

■ A municipality is a government of enumerated powers and thus is only enabled to act on the basis of the authority delegated by the Legislature. Our Supreme Court, commenting on the rights and powers of a municipality, observed:

It is a creature of the Legislature; and it possesses only such rights and powers as have been granted in express terms, or arise by necessary or fair implication or are incident to the powers expressly conferred, or are essential to the declared objects and purposes of the municipality. It has no inherent jurisdiction to make laws or to adopt regulations of government. [*Edwards v. Moonachie,* 3 *N.J.* 17, 22 (1949)]

See *Fred v. Old Tappan*, 10 *N.J.*, 515 (1952); *N.J.Const.* (1947), Art. IV, § VII, par. 11.

Those powers granted by the Constitution are to be liberally construed. *Magnolia Development Co., Inc. v. Coles*, 10 *N.J.* 223, 227 (1952). But a liberal construction of the provisions for local self-government does not give unlimited power to the municipalities. *Wagner v. Newark*, 24 *N.J.* 467, 478 (1957). For example, a municipality cannot legislate on matters which, by their nature, are inherently reserved for the State alone; nor on a subject inherently in need of uniform treatment; nor on a subject where the Legislature has preempted the field. The limitations are found by examining the subject which the municipality is seeking to legislate. *Id.* at 478; *Overlook Ter. Managem. v. West New York Rent Control Bd.*, 71 *N.J.* 451, 461 (1976); *In re Public Service Electric & Gas Co.*, 35 *N.J.* 358, 371 (1961). If this limitation did not exist, a municipality could legislate on any subject that was not forbidden to it in express terms by the Legislature. *Wagner v. Newark, supra*, 24 *N.J.* at 479.

Municipalities adopting one of the plans provided for in the Faulkner Act are governed by the general provisions of the act, the specific provisions applicable to the particular plan adopted and by the general laws applicable to all municipalities that are not inconsistent with the act. *Id.* at 475.

Thus, this controversy is controlled by the specific provisions of the Faulkner Act covering the Mayor-Council Plan C form of government, *N.J.S.A.* 40:69A–55 *et seq.*, and by the general provisions of the act covering municipal elections, *N.J.S.A.* 40:69A–150 to 162. *N.J.S.A.* 40:69A–59 in part states that "Councilmen shall serve for a term of four years . . . ." The general provisions of the act provide a comprehensive scheme governing elections. Specifically, *N.J.S.A.* 40:69A–152 provides for the terms of municipal officers as follows: "Every municipal officer elected under any of the plans provided in this

act shall serve for the term of office specified in the plan and until his successor is elected and qualified."

By the enactment of the Faulkner Act it is clear that the Legislature intended to preempt the regulation of municipal elections, including the number of terms that an elected municipal official is eligible to hold. The provisions of this act dealing with elections are so comprehensive that they preclude the possibility of the coexistence of municipal regulations. Further, the proposed ordinance would conflict with state law and policy since it would prohibit that which is permitted by statute. *Overlook Ter. Managem. v. West New York Rent Control Bd., supra,* 71 *N.J.* at 461. The Legislature has expressly fixed the term of a municipal-elected official at four years. It has not limited the eligibility of a person to be a candidate because of his previous terms in office.

Moreover, the establishment of the term of office for municipal-elected officials is within the power of the Legislature. *Lynch v. West New York,* 115 *N.J.Super.* 1, 5 (App.Div.1971). Therefore, a municipality has no power to alter the term of office without an express statutory grant of power. *Newark v. Benjamin, supra,* 144 *N.J.Super.* at 58; *Edwards v. Moonachie, supra,* 3 *N.J.* at 21.

Neither *N.J.S.A.* 40:69A-184 nor *N.J.Const.* (1947), Art. IV, § VII, par. 11 provides such express grants of power. Moreover, there is nothing in the language of the Faulkner Act that could be interpreted as an express grant of power to the municipality. Finally, since the sections of this act which regulate municipal elections are clear and comprehensive, there is no reason to believe that the Legislature was implicitly conferring the power to regulate terms of office upon the municipality. The language of the Faulkner Act does not lend itself to an interpretation that the power to regulate terms of office by municipalities arises by necessary or fair implication or is incident to the powers conferred by the Legislature. *See Hodges v. Van Fleet,* 55 *N.J.* 528 (1970).

Since the Legislature has preempted the regulation of the number of terms for which a municipal-elected official may be elected and since there is no express or implied statutory provision which empowers the municipality to regulate the number of terms, Bayonne does not have the power to enact the proposed ordinance either by adoption by the council or upon approval by the voters under the initiative procedure. Accordingly, the petition is void on its face and the city clerk must reject it.